DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Meigs County Common Pleas Court judgment of conviction and sentence. Elisha L. Dickens, defendant below and appellant herein, pled guilty to drug possession in violation of R.C. 2925.11, and drug trafficking in violation of R.C. 2925.03.
 {¶ 2} Appellant assigns the following errors for review and determination:
 FIRST ASSIGNMENT OF ERROR:
"THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY DENYING THE APPELLANT HIS RIGHT TO SPEEDY TRIAL UNDER O.R.C. 2945.71, THESIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND SECTION 10, ARTICLE I, OHIO CONSTITUTION."
 SECOND ASSIGNMENT OF ERROR:
"THE MAXIMUM, CONSECUTIVE SENTENCES VIOLATED THE APPELLANT'SSIXTH AMENDMENT RIGHTS AND PURSUANT TO STATE V. FOSTER, THE SENTENCES MUST BE VACATED."
 THIRD ASSIGNMENT OF ERROR:
"THE TRIAL COURT ERRED IN DENYING THE APPELLANT'S MOTION TO MODIFY HIS SENTENCE."
 FOURTH ASSIGNMENT OF ERROR:
"THE SEIZURE OF APPELLANT'S AUTOMOBILE WAS A CRIMINAL PENALTY IN VIOLATION OF THE DOUBLE JEOPARDY CLAUSES OF BOTH THE OHIO AND FEDERAL CONSTITUTIONS."
 {¶ 3} On December 14, 2004, the Meigs County Grand Jury returned an indictment charging appellant with two counts of drug possession in violation of R.C. 2925.11(A), and two counts of trafficking in violation of R.C. 2925.03(A). The parties subsequently agreed that in exchange for appellant's guilty plea to one possession count and to one trafficking count, the prosecution would request the dismissal of the remaining counts.[1] The parties memorialized the terms of the plea agreement in a "Petition to Enter a Plea of Guilty" that included:
"f.) The Defendant further understands and agrees that a grey pick-up truck seized incident to his arrest be forfeited, without objection, to the State of Ohio/Village of Middleport. * * *
g.) The Defendant further waives any objection or claim of speedy trial issues for purposes of any appeal."
 {¶ 4} At the July 25, 2005 hearing, the trial court reviewed the agreement and explained to appellant his constitutional rights. Satisfied that appellant understood his rights and that his plea was voluntary, the trial court accepted appellant's plea, found him guilty of drug possession and trafficking and sentenced him to serve one year on each count with the sentences be served consecutively.[2] This appeal followed.
 I {¶ 5} Appellant asserts in his first assignment of error that his conviction must be reversed because he was denied his right to a speedy trial. We disagree.
 {¶ 6} Guilty pleas generally waive the right to challenge speedy trial violations. See State v. Kelley (1991),57 Ohio St.3d 127, 130, 566 N.E.2d 658; Montpelier v. Greeno (1986),25 Ohio St.3d 170, 172, 495 N.E.2d 581. In the case sub judice, appellant pled guilty to the charges. Appellant concedes this point in his brief, but argues that a guilty plea waives only statutory speedy trial rights, not constitutional speedy trial rights. Again, we disagree. This court and others have applied the same principle to constitutional speedy trial rights as well. See e.g. State v. Hiatt (Jul. 15, 1996), Adams App. No. 94CA578; State v. Wilhelm (Dec. 9, 1996), Stark App. No. 1996CA89.
 {¶ 7} Appellant also argues that as part of the plea agreement, the parties specified that he could retain the ability to assert on appeal his speedy trial rights if the trial court "failed to release [him] during sentencing." We reject this argument for several reasons. First, appellant cites no authority for the proposition that parties can "stipulate" a change in law. Second, the July 28, 2005 "petition" to enter a guilty plea, signed by both appellant and his counsel, explicitly provides that appellant "further waives any objection or claim of speedy trial issues for purposes of any appeal." (Emphasis added.) Third, the portion of the transcript that appellant cites to support his argument is, at best, unclear and, even if it did support his argument, the in-court colloquy should not supersede a written plea agreement. For these reasons, we hereby overrule appellant's first assignment of error.
 II {¶ 8} We next proceed, out of order, to appellant's third assignment of error. Appellant argues that the trial court erred in denying his October 21, 2005 motion to modify his sentence. This issue, however, is not properly before us because the trial court decided the motion after entry of final judgment and after appellant's filing of his notice of appeal. Any alleged error in the trial court's disposition of that motion must be addressed in a separate appeal.
 III {¶ 9} In his fourth assignment of error, appellant challenges the forfeiture of his motor vehicle. Although the text of his assignment of error asserts that the vehicle's forfeiture violated his constitutional rights, the gist of his argument is that the prosecution failed to comply with the prescribed statutory procedure for asset forfeiture. See R.C. 2933.43. Regardless of the basis, however, we find no merit in his claim.
 {¶ 10} First, as part of the plea agreement appellant agreed to forfeit his vehicle. The "petition" to enter guilty plea specifies that appellant "understands and agrees that a grey pick-up truck seized incident to his arrest be forfeited, without objection, to the State of Ohio/Village of Middleport." In other words, the prosecution did not initiate statutory forfeiture proceedings because appellant agreed to the forfeiture. Appellant cannot now complain that the prosecution took the action he allowed it to take.
 {¶ 11} As for appellant's constitutional arguments, we held in State v. Gloeckner (Mar. 21, 1994), Meigs App. No. 520, that plea agreements that called for the relinquishment of property amount to a waiver of rights to challenge that forfeiture. Since then, other courts have come to the same conclusion. See e.g.State v. Smith (1997), 117 Ohio App.3d 656, 669,691 N.E.2d 324; State v. Fogel, Cuyahoga App. No. 87035, 2006-Ohio-1613.
 {¶ 12} For these reasons, we find no merit in the fourth assignment of error and it is hereby overruled.
 IV {¶ 13} We now return to appellant's second assignment of error concerning his sentences and the recent Ohio Supreme Court holding in State v. Foster, 109 Ohio St.3d 1, 845 N.E.2d 470,2006-Ohio-856.
 {¶ 14} In Foster, supra at paragraphs one and three of the syllabus, the court held that R.C. 2929.14(C)(E)(4) are unconstitutional and that sentences based on those statutory provisions must be vacated and cases remanded for new sentencing hearings. Foster, supra at ¶ 103. In this case, the trial court's September 12, 2005 entry referenced R.C. 2929.14(C). Moreover, although the court did not expressly reference R.C.2929.14(E)(4) in its entry, it is clear that the court relied on those provisions for the consecutive sentence. Thus, pursuant to Foster, we must vacate appellant's sentence and remand this case for re-sentencing.[3]
 {¶ 15} The prosecution contends that Foster does not apply because appellant stipulated to the R.C. 2929.14(C)(E)(4) factors thereby circumventing the Sixth Amendment problem with those statutes. We reject this argument because the question of whether appellant stipulated to the statutory factors is not relevant to this particular issue. Appellant's sentences were based on statutory provisions that have been struck down as unconstitutional and the Ohio Supreme Court is clear that sentences based on those provisions must be vacated and the cases be remanded for re-sentencing. Foster, supra at ¶ 103. For these reasons, we hereby sustain appellant's second assignment of error.
 {¶ 16} Having sustained the second assignment of error, we hereby affirm in part and reverse in part the trial court's judgment. Appellant's conviction is affirmed, but his sentences vacated and the case remanded for re-sentencing in light ofFoster.
JUDGMENT AFFIRMED IN PART, REVERSED IN PART AND CASE REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed in part, reversed in part and the case be remanded for further proceedings consistent with this opinion. Appellant to recover of appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Meigs County Common Pleas Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, P.J.: Concurs in Judgment Opinion
Kline, J.: Concurs in Judgment Opinion as to Assignment of Error II; Concurs in Judgment Only as to Assignment of Errors I, III IV
[1] As part of this agreement, appellant agreed to plead guilty to one count of aggravated assault, in violation of R.C. 2903.12, in a separate criminal case (05-CR-19)initiated against him in May of 2005.
[2] The trial court also ordered the sentences to be served consecutively to an eighteen month sentence for aggravated assault. See Case No. 05-CR-19. Thus, appellant received a three and a half (3½) year aggregate sentence.
[3] We note that the trial court did not have the benefit ofFoster when it sentenced appellant, and, in fact, acted properly to comply with the law as it existed at that time.