[Cite as *State v. Brothers*, 2010-Ohio-3987.]

STATE OF OHIO, COLUMBIANA COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NOS. 10 CO 6 |
| | ) | 10 CO 7 |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION AND |
| | ) | JUDGMENT ENTRY |
| JILL A. BROTHERS | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:     Criminal Appeals from the Columbiana
County Municipal Court
Case Nos. 09 CRB 454; 09 CRB 1073

JUDGMENT:     Dismissed.

APPEARANCES:

For Plaintiff-Appellee:     Atty. Robert Herron
Columbiana County Prosecutor
Atty. Kyde Kelly-Jones
Assistant Prosecuting Attorney
38832 Saltwell Road
Lisbon, Ohio  44432

For Defendant-Appellant:     Atty. Brian J. Macala
11 South Lincoln Avenue
Salem, Ohio  44460-3101

JUDGES:

Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite
Hon. Mary DeGenaro

Dated:  August 18, 2010

PER CURIAM.

{¶1} This matter comes on appeal from a January 11, 2010 order of the Columbiana County Municipal Court dismissing charges against appellant, but finding probable cause existed for the issuance of a criminal trespass complaint and for violation of a civil protection order.

{¶2} As this Court has authority to sua sponte raise a jurisdictional question, we directed the appellant to file a jurisdictional statement. Appellant complied on April 22, 2010, attaching two separate cases from the Eleventh District Court of Appeals, issued the same day in 1985, which went to merit decision. However, in neither case was the jurisdictional hurdle discussed, that is, whether the appellant was an "aggrieved party," when the criminal charges had been dismissed.

{¶3} In her supporting memorandum appellant argues that the finding of probable cause in the criminal proceeding "* * * substantially impaired the ability of Appellant to pursue those claims" (malicious prosecution and abuse of process). (4/22/10 Brief in Support of Jurisdiction, p. 7.) Appellant contends she has been prejudiced by such finding made without the benefit of an evidentiary hearing.

{¶4} At page 12 of the Brief in Support of Jurisdiction, we note appellant stipulated to probable cause as to the county prosecutor and law enforcement agencies, but would not stipulate as it related to her father, who had obtained the civil protection order, or Patrick Kerrigan, who notified police of appellant's presence on the business premises (after it had been negotiated that the CPO was to be dismissed. It is alleged Kerrigan had knowledge of the settlement by virtue of his signing the April 10, 2009 Settlement Agreement).

{¶5} In a criminal case it is ordinarily the imposition of sentence which constitutes a final order subject to review. *State v. Shinkle* (1986), 27 Ohio App.3d 54. Here, appellant suffered no deprivation of a present substantial right since the charges were dismissed. She suffered no loss of liberty (although she spent a day in jail when arrested). She suffered no financial loss by the payment of a fine. She is not an aggrieved party since she prevailed.

{¶6} To be an aggrieved party one must show a present interest in the subject matter of the litigation and that his personal rights have been substantially affected by the order from which the appeal is taken. See *Ohio Contract Carriers Assn. v. Public Utilities Comm.* (1942), 140 Ohio St. 160, citing 2 Am.Jur. 941, Sec. 149. A future, contingent or speculative interest is not sufficient to confer standing to appeal. Id. at 161, citing Sec. 150.

{¶7} Admittedly, in this case, appellant is seeking a reversal simply to aid in an anticipatory civil suit to recover damages for malicious prosecution and abuse of process. That civil litigation will stand or fall on the evidence presented in that suit.

{¶8} It is not the function of this Court to review a criminal case to aid a party for possible future civil litigation. Moreover, appellant acknowledges that the law enforcement officials and prosecutor involved here had probable cause to pursue the charges inasmuch as they had not been apprised of the settlement agreement.

{¶9} Accordingly, we find that appellant is not an aggrieved party with standing to bring these appeals. Moreover, she has not had a substantial right

impacted by the dismissal of the charges and therefore is not entitled to a review of the dismissal orders.

**{¶10}** Appeals sua sponte dismissed.

**{¶11}** Costs taxed against appellant.

Vukovich, P.J., concurs.

Waite, J., concurs.

DeGenaro, J., concurs.