[Cite as *State v. Green*, 2010-Ohio-6271.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

STATE OF OHIO,                )
                               )
     PLAINTIFF-APPELLEE,     )
                               )
V                            )         CASE NO. 10 MA 43
                               )
KEVIN L. GREEN SR.,       )         OPINION
                               )
     DEFENDANT-APPELLANT.  )

| | |
|---|---|
| CHARACTER OF PROCEEDINGS: | Criminal Appeal from Court of Common Pleas of Mahoning County, Ohio Case No. 99CR893(C) |
| JUDGMENT: | Affirmed |
| APPEARANCES:<br>For Plaintiff-Appellee | Paul Gains<br>Prosecutor<br>Ralph Rivera<br>Assistant Prosecutor<br>21 W. Boardman St., 6th Floor<br>Youngstown, Ohio 44503-1426 |
| For Defendant-Appellant | Kevin L. Green, Sr. pro-se<br>Toledo Correctional Institution<br>#A399-990<br>2001 East Central Avenue<br>P.O. Box 80033<br>Toledo, Ohio 43608-0033 |

JUDGES:

Hon. Gene Donofrio
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite

Dated: December 13, 2010

DONOFRIO, J.

{¶1} Defendant-appellant, Kevin Green, Sr., appeals from a Mahoning County Common Pleas Court decision overruling his motion for leave to file a delayed motion for new trial pursuant to Criminal Rule 33(a)(6).

{¶2} This case has been before us numerous times. We laid out the following statement of facts in appellant's direct appeal.

{¶3} "On the night of September 17, 1999, John Allen, the victim, was at an apartment building located at 1515 Market Street, Youngstown, Ohio. Green, William Robinson, Jeron Hunter, and Lamar Logan were also at this apartment building. Sometime during that night, Allen told Robinson that he was planning to rob Green. (Tr. 595). Robinson reported this information to Green which resulted in Green asking Robinson to get him a gun. (Tr. 597). Robinson left the apartment building and later returned with a gun. Once Green had the gun, he and Robinson confronted Allen about Allen's plan to rob Green. During the confrontation, Robinson hit Allen because it looked as if Allen had a gun. Green, Hunter, and Logan also began hitting Allen. (Tr. 604).

{¶4} "According to Robinson, the beating of Allen continued to ensue for several minutes. (Tr. 606). Robinson claims that Green tied up Allen and with the help of Hunter carried Allen to Green's car where they placed him in the trunk. (Tr. 607). It is claimed that Green, Hunter and Robinson then went to Lincoln Park, Youngstown, Ohio, where Allen was fatally shot six times in the head. (Tr. 356, 369). The testimony does not reveal who had the gun in Lincoln Park or who shot Allen. Logan, Hunter and Robinson all entered plea agreements with the state to testify against Green." *State v. Green*, 7th Dist. No. 01CA54, 2003-Ohio-3074, ¶2-3.

{¶5} A jury found appellant guilty of complicity to commit aggravated murder and kidnapping. The trial court sentenced appellant to life in prison for complicity to commit murder and ten years for kidnapping. This court affirmed that judgment. *Green*, 7th Dist. No. 01CA54.

{¶6} Appellant filed a motion for new trial and evidentiary hearing asserting he had newly discovered evidence. The trial court denied these motions. On appeal,

we reversed and remanded the matter for an evidentiary hearing. *State v. Green*, 7th Dist. No. 05-MA-116, 2006-Ohio-3097. Eventually, however, the supposed author of the newly discovered evidence affidavit denied ever writing it, and appellant withdrew his motion.

{¶7} On November 12, 2009, appellant moved for leave to file a delayed motion for new trial pursuant to Criminal Rule 33(A)(6), based on newly discovered evidence in the form of statements and affidavits from co-defendant Hunter. The trial court overruled that motion on December 4, 2009.

{¶8} On March 9, 2010, appellant filed a notice of appeal. This court granted appellant leave to file a delayed appeal after finding the trial court's judgment entry overruling his "request for leave to file a delayed motion for new trial pursuant to Criminal Rule 33(a)(6)" was sent to his former trial counsel, and he was unaware of it until two months after its entry.

{¶9} Appellant, acting pro se, now raises three assignments of error, the first of which states:

{¶10} "THE TRIAL COURT ERRED IN OVER-RULING THE APPELLANT[']S MOTION FOR [LEAVE TO FILE A DELAYED MOTION FOR] NEW TRIAL WITHOUT AN EVIDENCE HEARING. IN VIOLATION OF THE APPELLANT'S FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION."

{¶11} Appellant argues that the trial court erred in overruling his motion for leave to file a delayed motion for new trial. For support, appellant relies on statements and affidavits from co-defendant Hunter. In these statements and affidavits, Hunter stated that he and appellant were not at Lincoln Park on the night of the murder. The statements and affidavits are dated May 4, 2000, November 3, 2003, and April 17, 2005. Appellant argues that Hunter's statements and affidavits are newly discovered evidence that significantly contradict the testimony of the state's witnesses predicating a different result at trial, if a new trial is granted.

{¶12} Regarding why appellant was unavoidably prevented from discovering this evidence and filing a timely motion, he lists three reasons. First, appellant

himself did not "stumble upon" the May 22, 2000 supplement to discovery until 2009. Hence, appellant implies that such evidence is newly discovered to him. Second, appellant argues that witness intimidation prevented Hunter from originally telling the truth, and such intimidation was documented in the evidence itself. Appellant cites the supplement to discovery file-stamped May 22, 2000, which contains a letter from Hunter in which Hunter described being intimidated by the police and co-defendant Robinson. Third, appellant alleges that because the state failed to find the specifics of what Hunter lied about, appellant was unavoidably prevented from discovering the evidence and filing his motion within a reasonable time.

{¶13} A trial court's decision to grant or deny a new trial on grounds of newly discovered evidence falls within the court's sound discretion. *State v. Hawkins* (1993), 66 Ohio St.3d 339, 350. Therefore, we will not reverse such a decision absent an abuse of discretion. Abuse of discretion connotes more than an error of law or judgment; it implies the trial court's judgment was arbitrary, unreasonable, or unconscionable. *State v. Adams* (1980), 62 Ohio St. 151, 157.

{¶14} In this case, the trial court denied appellant leave to file a delayed motion for new trial. Thus, we must examine the timeliness of appellant's motion.

{¶15} Crim.R. 33(B) addresses timeliness when the basis of a new trial motion is newly discovered evidence:

{¶16} "Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived. If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period."

{¶17} Because appellant's motion was filed well outside the 120-day period, he was required to obtain leave of court to file his motion for new trial. Leave of court

must be granted before the merits of the motion are reached. *State v. Lordi*, 149 Ohio App.3d 627, 2002-Ohio-5517, at ¶25.

**{¶18}** "To obtain leave, unavoidable delay must be proved by clear and convincing evidence. Crim.R. 33(B). '[A] party is unavoidably prevented from filing a motion for new trial if the party had no knowledge of the existence of the ground supporting the motion for a new trial and could not have learned of the existence of that ground within the time prescribed for filing the motion for new trial in the exercise of reasonable diligence.' *State v. Walden* (1984), 19 Ohio App.3d 141, 146, 19 OBR 230, 483 N.E.2d 859." Id. at ¶26. The requirement of clear and convincing evidence puts the burden on the defendant to prove he was unavoidably prevented from discovering the evidence in a timely manner. *State v. Fortson*, 8th Dist. No. 82545, 2003-Ohio-5387, at ¶12.

**{¶19}** Further, any delay in filing the motion must have been reasonable under the circumstances. *State v. Unsworth*, 10th Dist. Nos. L-09-1205, L-09-1206, 2010-Ohio-398, at ¶18.

**{¶20}** Appellant did not file his motion for leave to file a delayed motion for new trial until eight years after his jury trial. In his motion, he admitted he learned of the new evidence "shortly there-after [sic.]" his February 2001 trial. Thus, the eight-year delay was clearly unreasonable.

**{¶21}** Additionally, appellant, through his counsel, was aware of Hunter's letter because it was included in the supplement to discovery on May 22, 2000, nine months before trial. According to that letter, Hunter was even willing to give a statement at that time. Given Hunter's willingness, with due diligence appellant could have uncovered the related information contained in Hunter's subsequent affidavits. Thus, even though appellant himself may not have "stumbled upon" the evidence until later, there is no clear and convincing evidence that anything prevented him from discovering such evidence at the time of the trial. Therefore, it is not "newly discovered" pursuant to Criminal Rule 33.

{¶22} Therefore, the trial court did not abuse its discretion when it denied appellant's motion for leave. Accordingly, appellant's first assignment of error is without merit.

{¶23} Appellant's second assignment of error states:

{¶24} "THE STATE ERRED IN VIOLATING THE TRIAL COURT[']S SEPARATION ORDER, DENYING THE APPELLANT A FAIR TRIAL UNDER THE FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION."

{¶25} Appellant argues that the state violated his right to a fair trial under the Fourteenth Amendment when it failed to enforce a separation order and allowed his co-defendants to be housed in the same pod in the county jail.

{¶26} "Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment." *State v. Perry* (1967), 10 Ohio St.2d 175, 180.

{¶27} Because appellant could have raised this issue at trial or in his direct appeal, res judicata bars him from raising it now. Thus, appellant's second assignment of error is without merit.

{¶28} Appellant's third assignment of error states:

{¶29} "THE TRIAL COURT ERRED IN ALLOWING THE CONDITIONAL RELEASE OF WITNESSES MATERIAL TO THE OUTCOME OF THE TRIAL. A VIOLATION OF THE APPELLANT'S FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION."

{¶30} Appellant argues that the trial court erred in allowing the conditional release of material witnesses at trial.

{¶31} Once again, because appellant could have raised this issue at trial or in his direct appeal, res judicata bars him from raising it now. Thus, appellant's third assignment of error is without merit.

**{¶32}** For the above stated reasons, the trial court's judgment is hereby affirmed.

Vukovich, P.J., concurs.

Waite, J., concurs.