[Cite as *State v. Moore*, 2011-Ohio-6220.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| VS. | ) | CASE NO. 10-MA-85 |
| | ) | |
| BRANDON MOORE, | ) | OPINION |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:    Criminal Appeal from Court of Common Pleas of Mahoning County, Ohio Case No. 02CR525

JUDGMENT:    Dismissed

APPEARANCES:
For Plaintiff-Appellee    Paul Gains
Prosecutor
Ralph M. Rivera
Assistant Prosecutor
21 W. Boardman St., 6th Fl.
Youngstown, Ohio 44503-1426

For Defendant-Appellant    Attorney Douglas A. King
91 West Taggart St., P.O. Box 85
East Palestine, Ohio 44413

JUDGES:

Hon. Gene Donofrio
Hon. Joseph J. Vukovich
Hon. Mary DeGenaro

Dated: November 30, 2011

DONOFRIO, J.

{¶1} Defendant-appellant, Brandon Moore, appeals from a Mahoning County Common Pleas Court judgment denying his motion to dismiss all charges against him for an unreasonable delay in sentencing.

{¶2} Appellant has been before this court numerous times.

{¶3} In 2002, appellant was convicted of aggravated robbery, three counts of rape, three counts of complicity to rape, one count of kidnapping, one count of conspiracy to commit aggravated robbery, and one count of aggravated menacing. All counts were first-degree felonies except for aggravated menacing, which was a first-degree misdemeanor. The court sentenced appellant to the maximum prison term for each count, to be served consecutively (except for the misdemeanor menacing charge, which was to be served concurrently with the other sentences). The court also sentenced appellant on 11 firearm-specifications, also to be served consecutively. The total sentence was 141 years in prison.

{¶4} On direct appeal, this court affirmed in part, reversed in part, and remanded the matter for resentencing. *State v. Moore*, 161 Ohio App.3d 778, 2005-Ohio-3311.

{¶5} Next, this court denied appellant's motion to reopen his direct appeal based on a claimed speedy trial violation. *State v. Moore*, 7th Dist. No. 02-CA-216, 2005-Ohio-5630.

{¶6} Upon resentencing, the trial court merged some of the firearm specifications and dismissed one count. It then sentenced appellant to maximum, consecutive sentences on the remaining counts for a total prison term of 112 years. Once again appellant appealed. Based on *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, this court vacated appellant's sentence and remanded the matter for resentencing once again. *State v. Moore*, 05-MA-178, 2007-Ohio-7215.

{¶7} The trial court held appellant's third sentencing hearing in 2008. It again sentenced him to an aggregate 112-year sentence. Appellant again appealed. This time we upheld his sentence. *State v. Moore*, 7th No. Dist. 08-MA-20, 2009-Ohio-1505.

**{¶8}** On December 30, 2009, appellant filed a petition for writ of mandamus and/or procedendo with this court, seeking to compel the trial court to issue a final appealable judgment entry of sentence in compliance with Crim.R. 32(C) as set forth in *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, asserting that his sentencing entry did not specify his manner of conviction and, therefore, did not constitute a final, appealable order. We agreed and ordered the trial court to issue a revised sentencing entry that complied with Crim.R. 32(C). *State ex rel. Moore v. Krichbaum*, 7th Dist. No. 09-MA-201, 2010-Ohio-1541.

**{¶9}** Next, on April 7, 2010, appellant filed a pro se motion to dismiss all further proceedings due to unreasonable delay in sentencing.

**{¶10}** On April 20, 2010, the trial court filed a nunc pro tunc sentencing entry that complied with this court's order. The trial court again imposed a 112-year sentence.

**{¶11}** Appellant filed a timely notice of appeal on May 17, 2010.

**{¶12}** Two days later, on May 19, 2010, the trial court overruled appellant's motion to dismiss all further proceedings due to unreasonable delay in sentencing.

**{¶13}** Appellant now raises five assignments of error, which state:

**{¶14}** "DEFENDANT/APPELLANT'S SENTENCES MUST BE VACATED BECAUSE OF UNREASONABLE DELAY, WHICH CAN BE ATTRIBUTED ONLY TO THE STATE, BETWEEN THE JURY'S VERDICT AND SENTENCE."

**{¶15}** "DEFENDANT/APPELLANT'S SENTENCES TOTALING 112 YEARS VIOLATES THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION PROHIBITION AGAINST CRUEL AND UNUSUAL PUNISHMENT."

**{¶16}** "THE TRIAL COURT ERRED BY IMPOSING MAXIMUM CONSECUTIVE SENTENCES INSTEAD OF MINIMUM CONCURRENT SENTENCES."

**{¶17}** "COUNTS FOUR, FIVE AND SIX AND COUNTS SEVEN, EIGHT AND NINE OF DEFENDANT/APPELLANT'S INDICTMENT FILED MAY 16, 2002 ARE CONSTITUTIONALLY DEFECTIVE."

**{¶18}** "DEFENDANT/APPELLANT'S INDICTMENT FAILED TO ALLEGE A CRIME IN COUNTS SEVEN, EIGHT AND NINE AND WAS THEREFORE FATALLY DEFECTIVE."

**{¶19}** Appellant also raises what he terms as an "*Anders* assignment of error," which states:

**{¶20}** "THE TRIAL COURT ERRED WHEN IT FAILED TO MERGE ALLIED OFFENSES OF SIMILAR IMPORT FOR PURPOSES OF SENTENCING."

**{¶21}** Based on recent case law, however, we must dismiss appellant's appeal.

**{¶22}** On October 13, 2011, the Ohio Supreme Court held: "A nunc pro tunc judgment entry issued for the sole purpose of complying with Crim.R. 32(C) to correct a clerical omission in a final judgment entry is not a new final order from which a new appeal may be taken." *State v. Lester*, ___ Ohio St.3d ___, 2011-Ohio-5204, at paragraph two of the syllabus.

**{¶23}** In *Lester*, the judgment entry of conviction stated the fact of Lester's conviction but did not state how the conviction was effected, i.e. jury verdict, guilty plea, no-contest plea. The Court acknowledged that in *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, it confirmed that a judgment entry of conviction must contain (1) the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based; (2) the sentence; (3) the judge's signature; and (4) a journal entry by the clerk of courts. *Lester*, at ¶8, citing *Baker*, at the syllabus. The Court observed that the requirement for the "manner of conviction" had created confusion over the finality of judgments. Id. at ¶9. It went on to reason:

**{¶24}** "[W]hen the substantive provisions of Crim.R. 32(C) [the fact of the conviction, the sentence, the judge's signature, and the entry on the journal] are contained in the judgment of conviction, the trial court's omission of how the defendant's conviction was effected, i.e., the 'manner of conviction,' does not prevent the judgment of conviction from being an order that is final and subject to appeal. Crim.R. 32(C) does not require a judgment entry of conviction to recite the manner of

conviction as a matter of substance, but it does require the judgment entry of conviction to recite the manner of conviction as a matter of form. In this regard, the identification of the particular method by which a defendant was convicted is merely a matter of orderly procedure rather than of substance. A guilty plea, a no-contest plea upon which the court has made a finding of guilt, a finding of guilt based upon a bench trial, or a guilty verdict resulting from a jury trial explains how the fact of a conviction was effected. Consequently, the finality of a judgment entry of conviction is not affected by a trial court's failure to include a provision that indicates the manner by which the conviction was effected, because that language is required by Crim.R. 32(C) only as a matter of form, provided the entry includes all the substantive provisions of Crim.R. 32(C)." Id. at ¶12.

**{¶25}** Thus, the Court modified *Baker* to the extent that it implied that more than the fact of the conviction and substantive provisions of Crim.R. 32(C) must be set out in the judgment entry of conviction before it becomes a final order. Id. at ¶14.

**{¶26}** Subsequently, on November 3, 2011, this court applied *Lester* in dismissing an appeal very similar to the case at bar. In *State v. Staffrey*, 7th Dist. Nos. 10-MA-130, 10-MA-131, 2011-Ohio-5760, Staffrey pleaded guilty to several charges in 1996 and the court sentenced him accordingly. Staffrey appealed his conviction and sentence and this court affirmed in 1999. In 2009, after *Baker* was decided, Staffrey filed a motion to withdraw his guilty plea and a motion for resentencing based on *Baker*. He alleged that the trial court's judgment entry of conviction was not a final, appealable order because it failed to comply with Crim.R. 32(C). The trial court did not immediately rule on the motion. So on Staffrey's motion, we granted a writ of mandamus holding that the trial court's judgment entry of sentence was not a final, appealable order because it did not state the means of conviction. We stated that Staffrey was entitled to a revised sentencing entry that complied with Crim.R. 32(C) and *Baker*. The trial court, in 2010, subsequently reissued the 1996 judgment entry of conviction, this time including the means of conviction.

**{¶27}** Staffrey filed an appeal from the 2010 judgment entry of conviction raising assignments of error dealing with ineffective assistance of counsel, the voluntariness of his plea, and two sentencing issues. We determined, however, we would not address the merits of Staffrey's arguments because the 2010 nunc pro tunc entry did not provide him with a second chance to appeal his conviction and sentence. Id. at ¶14. Relying on *Lester*, we explained:

**{¶28}** "Thus, the 1996 judgment of conviction which stated the fact of conviction was a final appealable order. However, Staffrey, upon his request, was entitled to a judgment of conviction that stated the manner of conviction. After direction from this court, the trial court issued a corrected judgment of conviction that stated the manner of conviction—that is the July 2010 order.

**{¶29}** "Despite Staffrey's insistence to the contrary, he does not have the right to appeal from the July 2010 order that solely added the manner of conviction. In *Lester*, the Court explained that when the sole purpose of the nunc pro tunc entry is to add the manner of conviction, the entry was merely correcting a clerical mistake. Id. at ¶ 20. 'Thus, the trial court's addition indicating how appellant's conviction was effected affected only the form of the entry and made no substantive changes.' Id. The nunc pro tunc entry is not a new final order from which a new appeal may be taken. Id.

**{¶30}** "Consequently, given the facts, the July 9, 2010 order is not a final order subject to appeal. Staffrey already exhausted the appellate process concerning his judgment of conviction; the nunc pro tunc entry does not give him the proverbial 'second bite at the apple'. The appeal is dismissed." Id. at ¶¶21-23.

**{¶31}** As was the case in *Staffrey*, there is no final order subject to appeal in this case. The trial court resentenced appellant in 2008. Appellant appealed and we affirmed his sentence. In 2010, upon appellant's motion and this court's order, the trial court filed a nunc pro tunc sentencing entry to include the means of conviction in compliance with *Baker*. The trial court's 2010 nunc pro tunc order is not a final order subject to appeal. It merely corrected a clerical mistake.

**{¶32}** Furthermore, appellant bases a large part of his argument on the United States Supreme Court case *Graham v. Florida* (2010), 130 S.Ct. 2011. In that case, the trial court sentenced Graham, who was a juvenile at the time he committed armed burglary and attempted armed robbery, under Florida law to life in prison with no possibility of parole for the armed burglary count. The Court held that due to "the limited culpability of juvenile nonhomicide offenders; and the severity of life without parole sentences * * * the sentencing practice under consideration is cruel and unusual." Id. at 2030. Thus, the Court found that for a juvenile offender who did not commit homicide the Eighth Amendment forbids the sentence of life without parole. Id.

**{¶33}** Contrary to appellant's assertion, however, this argument is barred in this case by the doctrine of res judicata. *State v. Green*, 7th Dist. No. 10-MA-43, 2010-Ohio-6271, at ¶26, citing *State v. Perry* (1967), 10 Ohio St.2d 175, 180. Appellant's argument regarding *Graham* is one more properly raised in a petition for postconviction relief.

**{¶34}** Thus, based on *Lester* and *Staffrey*, this appeal is hereby dismissed.

Vukovich, J., concurs.

DeGenaro, J., concurs.