[Cite as *State v. Palmer*, 2012-Ohio-5255.]

STATE OF OHIO, JEFFERSON COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 11 JE 17 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| ATROPIN PALMER | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:          Criminal Appeal from the Court of
                                   Common Pleas of Jefferson County,
                                   Ohio
                                   Case No. 04 CR 194

JUDGMENT:                          Affirmed.

APPEARANCES:

For Plaintiff-Appellee:            Atty. Jane Hanlin
                                   Prosecuting Attorney
                                   Jefferson County Justice Center
                                   16001 State Route 7
                                   Steubenville, Ohio  43952

For Defendant-Appellant:           Atropin Palmer, #474-594
                                   Southern Ohio Correctional Facility
                                   P.O. Box 45699
                                   Lucasvile, Ohio  45699

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Mary DeGenaro

                                   Dated:  November 6, 2012

WAITE, P.J.

{¶1} Appellant Atropin Palmer was convicted of aggravated burglary and escape in 2004 in the Jefferson County Court of Common Pleas. The convictions were affirmed on appeal, but the case was remanded for the purpose of resentencing, only. *State v. Palmer*, 7th Dist. No. 04-JE-41, 2006-Ohio-749. He was resentenced on April 11, 2006, to six years in prison for aggravated burglary and four years for escape, to be served consecutively, for a total of ten years in prison. Appellant filed an appeal, but the sentence was affirmed. *State v. Palmer*, 7th Dist. No. 06-JE-20, 2007-Ohio-1572.

{¶2} Years later Appellant filed a motion in the trial court claiming that he was denied his statutory right to a speedy trial. The trial court denied the motion on May 5, 2011. Appellant's motion can only be framed as a motion for postconviction relief. It was denied by the trial court for the following reasons: (1) any speedy trial error is res judicata here because no objection was raised in the trial court prior to the conviction, or as part of the direct appeal of the conviction; (2) Appellant raised a statutory error, but postconviction proceedings are limited to constitutional violations; and (3) Appellant has not met the jurisdictional requirements for filing a second or successive motion for postconviction relief. The trial court was correct in overruling the motion, and the judgment is affirmed.

{¶3} Although Appellant's initial criminal case has a rather complex background in the judicial system due to multiple resentencings, multiple appeals, and multiple filings of both postconviction relief petitions and original actions related to the underlying conviction, the procedural history relevant to this appeal is rather

brief.  Appellant was convicted and sentenced on November 24, 2004.  He appealed and the conviction was upheld but his case was remanded for resentencing.  He was resentenced on April 11, 2006, and that sentence was upheld on appeal.

**{¶4}**   On May 2, 2005, Appellant filed a petition for postconviction relief.  This was denied by the trial court and the judgment was affirmed on appeal.  *State v. Palmer*, 7th Dist. No. 05JE47, 2006-Ohio-4606.  Appellant filed another motion for postconviction relief on February 29, 2008, which was also denied by the trial court and the judgment was affirmed on appeal.  *State v. Palmer*, 7th Dist. No. 08 JE 18, 2009-Ohio-1018.

**{¶5}**   On May 2, 2011, Appellant filed the motion presently before us with the trial court, seeking a new trial or dismissal of his charges based on violation of his statutory speedy trial rights under R.C. 2945.71.  The trial court denied the motion on May 5, 2011.  This appeal followed.  We have already interpreted this appeal as an appeal of the denial of a motion for postconviction relief.  (5/19/11 Order.)

## ASSIGNMENT OF ERROR

As a result of the trial court's denying Appellant's R.C. 2945.71(D) speedy trial of the indictment for purposes of trial, Appellant was denied a fair trial.

**{¶6}**   Appellant is challenging the trial court's ruling denying his postconviction motion to have his conviction discharged on the basis of an alleged statutory speedy trial violation.  Appellant did not raise a speedy trial objection prior to his conviction, and did not raise it in his first direct appeal that resulted in an

affirmance of the conviction. Hence, the matter is now res judicata. The doctrine of res judicata bars the further litigation of any claim that was ruled on in a direct appeal, or could have been raised on direct appeal and was not. *State v. Houston*, 73 Ohio St.3d 346, 347, 652 N.E.2d 1018 (1995). This includes alleged speedy trial errors. *State v. Ross*, 7th Dist. No. 11-MA-32, 2012-Ohio-2433, ¶38, citing *State v. Green*, 7th Dist. No. 10-MA-43, 2010-Ohio-6271, ¶26.

{¶7} Appellant's motion to the trial court was in the nature of a petition for postconviction relief, and thus, the rules of postconviction relief apply to this appeal. A criminal defendant may not use postconviction relief proceedings to raise a speedy trial issue that was not raised prior to trial and conviction, or was not raised as part of the direct appeal of the conviction. *State v. Davis*, 7th Dist. No. 08 MA 174, 2009-Ohio-4634, ¶15.

{¶8} Additionally, postconviction relief is limited to challenges of a constitutional nature: "Where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21." *State v. Reynolds*, 79 Ohio St.3d 158, 679 N.E.2d 1131 (1997), syllabus. Appellant is raising a statutory issue here and not a constitutional error. Therefore, postconviction relief is not appropriate.

{¶9} Finally, Appellant's motion, which can only be characterized as a successive petition for postconviction relief, does not meet the requirements governing postconviction relief found in R.C. 2953.23. Pursuant to R.C. 2953.23(A),

a court may not entertain a second or successive petition for postconviction relief unless the defendant initially demonstrates either: (1) he was unavoidably prevented from discovering facts necessary for the claim for relief; or (2) the United States Supreme Court has recognized a new federal or state right that applies retroactively to persons in defendant's situation. R.C. 2953.23(A)(1). Appellant has not even alleged, and certainly not shown, either of these two prerequisites. Without such a showing, neither the trial court nor this Court has jurisdiction to entertain the petition. *State v. Butler*, 7th Dist. No. 09 JE 1, 2010-Ohio-2537, ¶15; *State v. Haschenburger*, 7th Dist. No. 08-MA-223, 2009-Ohio-6527, ¶12. Since this is a jurisdictional matter, it may be raised sua sponte by this Court. *State v. Brothers*, 7th Dist. Nos. 10 CO 6, 10 CO 7, 2010-Ohio-3987, ¶2.

**{¶10}** Because Appellant's claim of a speedy trial violation is barred by res judicata and by the rules governing postconviction relief, the trial court was correct in overruling the motion. Neither the trial court nor this Court has jurisdiction to grant the motion. *See, e.g. State v. Bryant*, 7th Dist. No. 10-MA-11, 2010-Ohio-4401. Therefore, the trial court was correct in denying Appellant's motion, and the judgment of the trial court is affirmed.

Donofrio, J., concurs.

DeGenaro, J., concurs.