[Cite as *State v. Shaffer*, 2014-Ohio-4976.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
LAWRENCE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 14CA15 |
| Plaintiff-Appellee, | : | |
| v. | : | DECISION AND JUDGMENT ENTRY |
| BRYAN K. SHAFFER, | : | |
| Defendant-Appellant. | : | **RELEASED: 11/4/2014** |

APPEARANCES:

Bryan K. Shaffer, Caldwell, Ohio, pro se appellant.

Brigham M. Anderson, Lawrence County Prosecuting Attorney, and C. Michael Gleichauf, Lawrence County Assistant Prosecuting Attorney, Ironton, Ohio, for appellee.

Harsha, J.

{¶1}     Bryan K. Shaffer, who was represented by counsel, pleaded guilty to one count of grand theft and received a prison sentence of twelve months.  Instead of filing a timely appeal Shaffer filed a pro se petition for postconviction relief based on a claimed violation of his constitutional and statutory speedy-trial rights.  The trial court denied the petition, concluding that it lacked jurisdiction to address the merits of the petition absent an order to do so by a reviewing court.

{¶2}     On appeal Shaffer claims that the trial court erred in denying his petition. In his first assignment of error Shaffer asserts that he was deprived of his right to the speedy disposition of his Ohio criminal case under R.C. 2963.30, which codifies the Interstate Agreement on Detainers ("IAD").  In his second assignment of error Shaffer contends that he was deprived of his constitutional rights to a speedy trial.  In his third assignment of error Shaffer claims that two Lawrence County Sheriff's detectives

withheld warrant information in retaliation for his refusal to cooperate with them, thus preventing him from timely invoking his right to request a final disposition of his Ohio criminal case.

{¶3}    Although we conclude that the trial court incorrectly determined that it lacked jurisdiction to address Shaffer's petition in the absence of a specific order to do so by a reviewing court, the trial court's ultimate judgment—denying the petition—was correct.  First, res judicata barred Shaffer from raising his postconviction claims when he could have raised them during his criminal proceeding and on direct appeal. Second, he waived his postconviction claims by pleading guilty to the grand-theft charge, and he does not contend that his plea was not knowingly, intelligently, and voluntarily made.  Finally, Shaffer did not set forth sufficient operative facts to show that he substantially complied with the requirements of the IAD to commence the 180-day period to try his Ohio charges.  Therefore, we overrule Shaffer's assignments of error and affirm the judgment of the trial court.

## I. FACTS

{¶4}    In July 2009, the Lawrence County Prosecuting Attorney filed complaints in the Lawrence County Municipal Court charging Shaffer with various crimes, including tampering with evidence and theft of a motor vehicle, which occurred during that month. Because Shaffer was in the custody of West Virginia law enforcement officials for other crimes, prosecution did not proceed on the Ohio charges until after he was released from prison in West Virginia.  In 2013, Shaffer waived a preliminary hearing, and the matter was bound over to the grand jury.

{¶5}    A Lawrence County grand jury returned an indictment charging Shaffer with one count of tampering with evidence and one count of grand theft for the incident that had occurred in July 2009.  The grand theft related to the theft of a 1996 Dodge Dakota truck belonging to Lauren McComas.  At his arraignment, Shaffer, who was represented by appointed counsel, entered a plea of not guilty to the charges.  Shortly thereafter, Shaffer entered a guilty plea to the grand-theft charge in return for the dismissal of the remaining charge of tampering with evidence.  In November 2013, the trial court sentenced Shaffer to a term of twelve months in prison.  During his sentencing hearing Shaffer noted, "They had me arrested in West Virginia, they never sentenced me, never brought me to court on it.  I think it's wrong, but there's nothing I can do about it."

{¶6}    Instead of appealing his conviction and sentence, Shaffer filed a pro se petition for postconviction relief; he claimed that he was deprived of his rights guaranteed under the IAD and his constitutional speedy-trial rights when Ohio officials were aware that he was incarcerated in West Virginia, but failed to timely try him on his Ohio charges.  He contended that two Lawrence County Sheriff's Office detectives knew he was available for disposition of his Ohio charges but circumvented his rights under the IAD.

{¶7}    Before the state had the opportunity to respond to Shaffer's petition, the trial court denied the motion because it believed that it lacked jurisdiction to address the merits absent an order to do so from a reviewing court:

   At this point in time, this Court does not possess the requisite jurisdiction
   to entertain the motion or release sought by Bryan K. Shaffer.  The only
   way this matter could be reviewed by this Court, is if ordered to do so by a

higher court. Accordingly, the petition to vacate or set aside the judgment of conviction or sentence is overruled.

## II. ASSIGNMENTS OF ERROR

**{¶8}** On appeal, Shaffer assigns the following errors for our review:

1. Appellant was deprived of his statutory right to speedy disposition of criminal matters pursuant to R.C. 2963.30.

2. Appellant was deprived of his rights as guaranteed him in the Fifth and Fourteenth Amendments to the United States Constitution to speedy public trial, also Article I Sections 10, 14 and 16, Ohio Constitution.

3. The State of Ohio through it's [sic] officers/agents knowingly and capriciously withheld warrant information in retaliation for appellant's refusal to cooperate with Lawrence County Detectives Arron Bollinger and Andy Sissler through some clande[s]tine policy, practice custom, or habbit [sic] of retribution in order to maximize penalty, thus; violating appellant[']s rights to due process and equal protection of law.

## III. STANDARD OF REVIEW

**{¶9}** The postconviction relief process is a collateral civil attack on a criminal judgment rather than an appeal of the judgment. *State v. Calhoun*, 86 Ohio St.3d 279, 281, 714 N.E.2d 905 (1999). Postconviction relief is not a constitutional right; instead, it is a narrow remedy that gives the petitioner no more rights than those granted by statute. *Id.* It is a means to resolve constitutional claims that cannot be addressed on direct appeal because the evidence supporting the claims is not contained in the record. *State v. Knauff*, 4th Dist. Adams No. 13CA976, 2014-Ohio-308, ¶ 18.

**{¶10}** "[A] trial court's decision granting or denying a postconviction relief petition filed pursuant to R.C. 2953.21 should be upheld absent an abuse of discretion; a reviewing court should not overrule the trial court's finding on a petition for postconviction relief that is supported by competent and credible evidence." *State v.*

*Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 58.  A trial court

abuses its discretion when its decision is unreasonable, arbitrary, or unconscionable.  *In re H.V.*, 138 Ohio St.3d 408, 2014-Ohio-812, 7 N.E.3d 1173, ¶ 8.

## IV. LAW AND ANALYSIS

{¶11}  In his first assignment of error Shaffer asserts that he was deprived of his

right to the speedy disposition of his Ohio criminal case under R.C. 2963.30, which

codifies the IAD.  In his second assignment of error Shaffer contends that he was

deprived of his constitutional rights to a speedy trial, but he premises his argument on

the IAD.  In his third assignment of error Shaffer argues that the state, through two

Lawrence County Sheriff's detectives, withheld warrant information in retaliation for his

refusal to cooperate with them, thus preventing him from timely invoking his right to

request a final disposition of his Ohio criminal case under the IAD.  Because these

assignments of error raise similar issues, we consider them jointly.

### A. Jurisdiction

{¶12}  First, we address the trial court's error in basing its denial of Shaffer's

petition for postconviction relief on its belief that it lacked jurisdiction to address the

merits of the motion absent an order from a superior court.  In denying the petition it

appears that the trial court relied on the axiom that "[a]n appeal from a judgment divests

trial courts of jurisdiction to consider Civ.R. 60(B) motions for relief from judgment, and

jurisdiction to consider such motions may be conferred on the trial court only through an

order of the reviewing court."  *State ex rel. Newton v. Court of Claims*, 73 Ohio St.3d

553, 558, 653 N.E.2d 366 (1995); *State ex rel. Rock v. School Emps. Retirement Bd.*,

96 Ohio St.3d 206, 2002-Ohio-3957, 772 N.E.2d 1997, ¶ 8 ("we have consistently held

that once an appeal is perfected, the trial court is divested of jurisdiction over matters that are inconsistent with the reviewing court's jurisdiction to reverse, modify, or affirm the judgment").

{¶13} This axiom does not apply for two reasons. First, there was no pending appeal at the time Shaffer filed his pro se petition for postconviction relief or at the time the trial court denied the petition. Second, and more importantly, "R.C. 2953.21(C) specifically confers jurisdiction in the trial court to consider a postconviction petition that is timely filed even if a direct appeal is pending." *State v. Vasquez*, 6th Dist. Lucas No. L-13-1051, ¶ 9; *State v. Keeley*, 2013-Ohio-474, 989 N.E.2d 80, ¶ 3, fn. 1 (4th Dist.) ("Even though appellant's first appeal of right was pending, Ohio trial courts have jurisdiction to consider postconviction relief petitions"); R.C. 2953.21(C) ("The court shall consider a petition that is timely filed under division (A)(2) of this section even if a direct appeal of the judgment is pending"). Shaffer's petition was timely filed under R.C. 2953.21(A)(2) ("If no appeal is taken, except as otherwise provided in section 2953.23 of the Revised Code, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal").

{¶14} However, we will not reverse a correct judgment merely because it is based on an erroneous rationale. *See Today & Tomorrow Heating & Cooling v. Greenfield*, 4th Dist. Highland No. 13CA14, 2014-Ohio-239, ¶ 16, quoting *Stammco, L.L.C. v. United Tel. Co. of Ohio*, 136 Ohio St.3d 231, 2013-Ohio-3019, 994 N.E.2d 408, ¶ 51 (" 'a reviewing court should not reverse a correct judgment merely because it is based on erroneous reasons' "). Courts of appeals have applied this well-established principle to postconviction proceedings, including petitions for postconviction relief.

*See, e.g., State v. Crangle*, 9th Dist. Summit No. 18670, 1998 WL 388992 (July 9, 1998), *2 ("The trial court did not err in dismissing his petition for postconviction relief without a hearing, even though Defendant's claim of ineffective assistance of counsel was not barred by *res judicata*"); *State v. Bradshaw*, 4th Dist. Lawrence No. 14CA8, 2014-Ohio-3148, ¶ 12 ("Although the trial court did not rely on res judicata to deny Bradshaw's [postconviction] motion for jail-time credit, reversal is not warranted even assuming that the court applied an erroneous rationale").

{¶15} For the following reasons, Shaffer's postconviction claims lacked merit and were properly denied.

## B. Res Judicata

{¶16} First, res judicata barred Shaffer from raising those claims that he could have raised in his criminal case and on direct appeal. "[R]es judicata applies to proceedings involving postconviction relief." *State v. Burton*, 4th Dist. Gallia No. 13CA12, 2014-Ohio-2549, ¶ 17, citing *State v. Szefcyk*, 77 Ohio St.3d 93, 95, 671 N.E.2d 233 (1996). "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus; *see also State v. Davis*, 139 Ohio St.3d 122, 2014-Ohio-1615, 9 N.E.3d 1031, ¶ 28.

**{¶17}** Shaffer could have raised the issues of noncompliance with the timing requirements of the IAD and his constitutional speedy-trial rights at trial and on appeal from his conviction. Indeed, he claims now to have alluded to this issue at his sentencing hearing by complaining about Ohio authorities not timely trying him after he was arrested in West Virginia in 2009. But, although he was represented by counsel, he did not raise his specific claim by requesting dismissal of the indictment at trial or on appeal. At that point he had already pleaded guilty to grand theft and did not request that his plea should be withdrawn or that the case should be dismissed. Therefore, res judicata barred him from raising these issues in his petition for postconviction relief. *See State v. Palmer*, 7th Dist. Jefferson No. 11 JE 17, 2012-Ohio-5255, ¶ 6 (res judicata barred defendant from raising speedy-trial claims in petition for postconviction relief when he could have, but failed to raise it at trial or on appeal).

## C. Guilty Plea

**{¶18}** Second, by pleading guilty to the grand-theft charge Shaffer forfeited his right to raise independent claims relating to the deprivation of constitutional or statutory rights that occurred before he entered the plea. *See State v. Ketterer*, 111 Ohio St.3d 70, 2006-Ohio-5283, 855 N.E.2d 48, ¶ 105, citing *State v. Kelley*, 57 Ohio St.3d 127, 566 N.E.2d 658 (1991), paragraph two of the syllabus ("a plea of guilty 'effectively waives all appealable errors' at trial unrelated to the entry of the plea"); *State v. Fitzpatrick*, 102 Ohio St.3d 321, 2004-Ohio-3167, 810 N.E.2d 927, ¶ 78 ( a defendant who knowingly, intelligently, and voluntarily enters a guilty plea with the assistance of counsel may not thereafter raise independent claims related to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea).

**{¶19}** In effect, " 'a guilty plea waives all appealable errors except for a challenge as to whether the defendant made a knowing, intelligent, and voluntary acceptance of the plea.' " State *v. Neu*, 4th Dist. Adams No. 12CA942, 2013-Ohio-616, ¶ 13, quoting *State v. Patterson*, 5th Dist. Muskingum No. CT2012-0029, 2012-Ohio-5600, ¶ 30; *see also State v. Spates*, 64 Ohio St.3d 269, 272-273, 595 N.E.2d 351 (1992).  As the state observes, we have specifically held that guilty pleas forfeit the right to challenge both constitutional and statutory speedy-trial violations.  *State v. Dickens*, 4th Dist. Meigs No. 05CA14, 2006-Ohio-4920, ¶ 6.  Because Shaffer does not challenge the validity of his guilty plea in his petition, he has forfeited his claims regarding the IAD and his constitutional speedy-trial rights by his guilty plea to the grand-theft charge.

### D. Substantial Compliance with IAD Requirements

**{¶20}** Finally, Shaffer did not set forth any operative facts to demonstrate that he substantially complied with the statutory requirements of the IAD to start the 180-day time period to try his Ohio charges.  The IAD, which is codified in R.C. 2963.30, governs the procedures by which a criminal defendant incarcerated in another jurisdiction is brought to trial on outstanding criminal charges in Ohio.  *State v. Harvey*, 8th Dist. Cuyahoga Nos. 98906, 98907, 98908, and 98909, 2013-Ohio-2332, ¶ 9.  Its purpose is to "encourage the expeditious and orderly disposition of [outstanding charges]" in the member jurisdictions, which include the states, the District of Columbia, Puerto Rico, and the United States.  R.C. 2963.30, Articles I and II; *State v. Jones*, 10th Dist. Franklin No. 11AP-1123, 2012-Ohio-3267, ¶ 25.  Under Article III(a) of the IAD, a prisoner in a party state may demand trial within 180 days of any untried indictment, information, or complaint.  The 180-day period begins when the prisoner delivers "to the

prosecuting attorney and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information or complaint." R.C. 2963.30, Article III(a).

{¶21} The Supreme Court of Ohio has construed these provisions to require that a prisoner must substantially comply with the requirements to cause the 180-day period to commence. *State v. Mourey*, 64 Ohio St.3d 482, 597 N.E.2d 101 (1992), paragraph one of the syllabus. "A prisoner substantially complies with the requirements of Article III(a) and (b) of R.C. 2963.30 when he or she causes to be delivered to the prison officials where incarcerated, appropriate notice or documentation requesting a disposition of the charges for which the detainer has been filed against him or her." *Id.* at paragraph two of the syllabus. Shaffer's petition for postconviction relief was bereft of documentation or sufficient operative facts to indicate that he substantially complied with these requirements to commence the 180-day period to try him on the outstanding Ohio charges. At best, he simply alleged in his petition that Ohio authorities were aware of his whereabouts in West Virginia in 2009. He did not allege that he ever delivered a request to his prison officials requesting a disposition of his Ohio charges.

{¶22} Because his claims are meritless, we overrule Shaffer's first, second, and third assignments of error.

### V. CONCLUSION

{¶23} The trial court did not err in denying Shaffer's petition for postconviction relief. Therefore we affirm the judgment of the trial court.

JUDGMENT AFFIRMED.

### **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Lawrence County Court of Common Pleas to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, P.J. & McFarland, J.:  Concur in Judgment and Opinion.


For the Court



BY: _____
      William H. Harsha, Judge



**NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**