OPINION
{¶ 1} Appellant Ed Davis appeals the decision of the Mahoning County Court of Common Pleas overruling his second petition for post-conviction relief. In his petition, Davis claims that his speedy trial rights were violated since the time was calculated based upon the existence of a parole holder rather than applying the statutory triple-time provision for someone imprisoned for the underlying offense. We affirm the decision of the trial court for two reasons.
 {¶ 2} First, Davis' petition is time-barred as it was filed several years after the date of his conviction. Because Davis did not provide a reason as to why he was unavoidably prevented from discovering the facts upon which he bases his claim, the trial court properly overruled his petition.
 {¶ 3} Second, Davis presented this very same argument in his first petition for post-conviction relief. On appeal from the dismissal of that petition, this court previously decided that Davis' speedy trial rights were not violated regardless of the existence of a parole holder. Accordingly, the trial court properly overruled Davis' petition based upon the doctrine of res judicata. The decision of the trial court is affirmed.
 {¶ 4} As was established in his first appeal to this court, Davis was imprisoned in 1972 for manslaughter, assault with a deadly weapon, and breaking and entering. He was paroled in November 1993 for what appears to be the fifth time. In December 1993, he shot his former girlfriend twice, once in the chest and once in the abdomen. Before he could be apprehended, he fled from the State of Ohio in violation of his parole. An arrest warrant was issued for felonious assault. A warrant was also issued for his parole violation.
 {¶ 5} In June 1996, the Federal Bureau of Investigation arrested Davis in Las Vegas, Nevada on the parole violation warrant. Davis was transported to Lorain Correctional Institute, arriving on June 20, 1996. On July 10, 1996, Davis was picked up by Mahoning County operatives and transported to the county jail to be tried for felonious assault.
 {¶ 6} A speedy trial hearing was held on two days in April 1998 where the court's purpose was to determine whether the triple count provision applied to require Davis to be tried in ninety days, rather than two hundred seventy days, or whether the triple count provision did not apply due to a parole holder. Parole Officer O'Malley testified for the State. On April 13, 1998, the trial court found that because Davis was being held on a parole holder, the triple count provision did not apply. The court thus denied the motion to dismiss on speedy trial grounds. The case was then tried to the court. On April 28, 1998, Davis was found guilty of felonious assault with a firearm specification. He was sentenced to three years of actual incarceration plus twelve to fifteen years of imprisonment.
 {¶ 7} On direct appeal to this court, his sole assignment of error contended that the court erred in denying his motion to dismiss based on the violation of his right to a speedy trial. This court affirmed on multiple grounds. It upheld the trial court's decision that there existed a valid parole holder. It also noted that Davis' counsel had filed a written waiver of his speedy trial rights on November 26, 1996. Finally, it calculated continuances requested by defendant and held that appellant's speedy trial rights were not violated, with or without a parole holder. State v. Davis (June 30, 1999), 7th Dist. No. 98CA97. The Supreme Court declined discretionary review.
 {¶ 8} In the meantime, Davis filed for a writ of mandamus, which was transferred to the Tenth Appellate District who dismissed the action. Davis also filed various actions in federal court. In so doing, he came across various documents in 1999, concerning his parole holder status. On March 19, 2001, Davis attached these documents to a petition for post-conviction relief and an amendment and supplement thereto. On August 23, 2001, the trial court summarily denied his petition. Davis filed a timely notice of appeal with this court.
 {¶ 9} In State v. Davis (May 30, 2002), 7th Dist. No. 01CA17, this court explained that pursuant to R.C. 2953.21(A)(2), Davis' petition was untimely as it was filed more than one hundred eighty days after the trial transcript was filed in the direct appeal. This court further held that the trial court may not entertain an untimely petition unless the petitioner shows he was unavoidably prevented from discovering the facts upon which his petition is based or the United States Supreme Court has created a new retroactive right. R.C. 2953.23(A)(1)(a) and (b). Even if the petitioner can show one of these two alternatives, the petitioner must still demonstrate by clear and convincing evidence that a reasonable trier of fact would not have convicted him but for constitutional error. R.C. 2953.23(A)(1)(2).
 {¶ 10} On appeal, Davis argued that he was unavoidably prevented from discovering the documents that he attached to his petition. Davis explained that, at the speedy trial hearing, the parole officer's testimony was untruthful and this prevented his attorney from determining the true nature of his holder status. Thus, he maintained that he was unavoidably prevented from discovering the documents, one of which was generated in 1999. He then stated that if the trial court knew his true status at the speedy trial hearing, his case would have been dismissed for speedy trial violations.
 {¶ 11} This court concluded, however, that the documents presented by Davis in support of his post-conviction relief petition did not present new evidence since the evidence of an inactive parole holder existed during the hearing. This court further determined that there was no allegation of why he was unavoidably prevented from discovering the two documents from the APA as these existed prior to his hearing. Finally, this court concluded that the documents presented by Davis in support of his petition did not demonstrate that he would not have been convicted if the court had before it those very same documents. Accordingly, this court affirmed the trial court's decision to deny Davis' petition.
 {¶ 12} Davis has now filed a second untimely petition for post-conviction relief which was also denied by the trial court. This petition is similar to the first in three respects. First, this petition similarly alleges that Davis' speedy trial rights were violated based upon the trial court's mistaken belief that there was a valid parole holder. Second, the petition is supported by the same response received by Davis in the prior mandamus action. Finally, the untimely petition fails to provide any reason why he was unavoidably prevented from discovering these documents.
 {¶ 13} In light of these similarities, Davis' second petition for post-conviction relief is barred not only by its untimeliness pursuant to R.C. 2953.23(A), but also by the doctrine of res judicata. NationalAmusements, Inc. v. Springdale (1990), 53 Ohio St.3d 60, 62; State v.Apanovitch (1995), 107 Ohio App.3d 82, 87; McCann v. Lakewood (1994),95 Ohio App.3d 226, 237. Typically, the doctrine bars claims that could or should have been brought at trial or on direct appeal. However, res judicata also applies to foreclose a defendant from presenting claims that could or should have been brought in a first petition for post-conviction relief. As was determined by the Eighth District inApanovitch:
 {¶ 14} "R.C. 2953.23(A) permits, but does not require, the court to entertain a second or successive petition for similar relief based upon the same facts or on newly discovered evidence. Since a post-conviction proceeding is a collateral attack on a civil judgment, the trial court has the same discretion to deny relief as in any other civil postjudgment motion. See State v. Steffen (1994), 70 Ohio St.3d 399, 410, 639 N.E.2d 67. Principles of res judicata bar the assertion of any claim that was or could have been raised at trial or on direct appeal. Id., citing Statev. Duling (1970), 21 Ohio St.2d 13, 254 N.E.2d 670; State v. Perry
(1967), 10 Ohio St.2d 175, 226 N.E.2d 104, paragraph nine of the syllabus." See also State v. Lott (May 30, 2002), 8th Dist. Nos. 79790, 79791, 79792.
 {¶ 15} It is clear from his petition that Davis has raised the identical issues that this court has repeatedly addressed both on direct appeal and on post-conviction. Since these issues are barred by res judicata and because Davis' petition for post-conviction relief was untimely under R.C. 2953.23, the judgment of the trial court is affirmed. Donofrio, P.J., concurs.
Waite, J., concurs.