OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. Appellant, Atropin Palmer, appeals the decision of the Jefferson County Court of Common Pleas denying his petition for post-conviction relief. Because he failed to support his petition to the trial court with any evidentiary materials or documentation, and because he has failed to present any meritorious claims on appeal, we affirm the decision of the trial court.
 {¶ 2} This case originated with a judgment convicting Palmer of aggravated burglary and escape and the resulting sentence following a jury trial. This court in its prior opinion described the facts of the case as follows. Just after midnight on September 1, 2004, Michael Merritt was watching television in his home in Steubenville when he heard his dog barking and a woman crying out for help. He looked out his window and saw Palmer holding a woman down and punching her. Merritt called the police and then went out to help the woman.
 {¶ 3} The woman, Amber Hood, ran with Merritt back to his house and he ushered her inside. Palmer followed them onto Merritt's porch. Merritt pushed Palmer out of the way, closed his front door, and locked the deadbolt. According to Merritt, Palmer punched out the glass windows in his front door and unlocked the deadbolt. Palmer then entered Merritt's foyer. The two struggled and Palmer took a swing at Merritt. Merritt eventually forced him out of the house and Palmer ran away.
 {¶ 4} Patrolman Matthew Smarrella arrested Palmer later that day on a charge of aggravated burglary. Palmer was taken to jail and processed. Later, while Detective Anthony Piergallini was taking appellant's fingerprints, Palmer ran out of the police department. Numerous officers chased after Palmer and caught him in an alley.
 {¶ 5} Palmer was brought to trial and the jury found him guilty as charged. After filing a direct appeal and losing on all claims, Palmer filed a petition for post-conviction relief with the trial court claiming that trial counsel was ineffective in representing him. On August 18, 2005, the trial court denied his petition.
 {¶ 6} On appeal, Palmer raises multiple issues and assignments of error. Many of them deal with Palmer's claim that his trial counsel was ineffective. They will be addressed together and are as follows:
 {¶ 7} "not that it was a problem subpoen [sic] Ms.Amber Hood, it's the investigations of counsel and the effective assistance of reasonable ness [sic]."
 {¶ 8} "medical personnel was call to the resident; said medical personnel could have provided, had counsel made some reasonable investigation, to the police reports or these persons under reasonableness effective assistance of counsel."
 {¶ 9} "counsel with holding [sic] of exculpatory evidence.The evidence was a cassette recording that counsel had in her personal control and the significant of the information and testimony of the cassette recording, had counsel submit as evidence.Counsel disclosed this significant information regarding the alleged crime."
 {¶ 10} "the trial court error, when its decision was this was a unidentified person. When petitioner, Palmer made these allegation knowed [sic] in the postconviction to the court about his attorney was appointed by the court themselves [sic] for representation of him, now Mr. Palmer has realized the (tape recording counsel had could have provening [sic] his innocences [sic]), this merely facts alleged current, was a possibility to called in questions his counsel performance and the `Truth' to Mr. Palmer claim counsel conduct and action and representational."
 {¶ 11} Pursuant to R.C. 2953.21(A)(1),
 {¶ 12} "Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief."
 {¶ 13} This section further provides that "[b]efore granting a hearing on a petition filed under division (A) of this section, the court shall determine whether there are substantive grounds for relief." R.C. 2953.21(C).
 {¶ 14} In determining whether there are substantive grounds for relief to warrant a hearing,
 {¶ 15} "the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of court, and the court reporter's transcript." R.C.2953.21(C).
 {¶ 16} If the court determines that there are no substantive grounds for relief, it may dismiss the petition without an evidentiary hearing. See State v. Calhoun (1999),86 Ohio St.3d 279, 281, at 282-283; State v. Cole (1982), 2 Ohio St.3d 112;State v. Jackson (1980), 64 Ohio St.2d 107. In a petition for post-conviction relief which asserts ineffective assistance of counsel, "before a hearing is granted, `the petitioner bears the initial burden to submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and that the defense was prejudiced by counsel's ineffectiveness.'" Calhoun, at 283, quoting Jackson, at syllabus. (Emphasis added in Calhoun.)
 {¶ 17} Here, Palmer asserts that counsel was ineffective for not investigating or interviewing the victim, Amber Hood, as she would have been a viable witness for the defense. He further claims that counsel was ineffective for failing to take depositions of medical personnel that arrived at the scene. Finally, Palmer maintains that counsel was ineffective for failing to submit an audio cassette that allegedly contained exculpatory evidence. Although Palmer later presented the court with his own sworn affidavit in a motion for reconsideration of the court's denial of post-conviction relief, Palmer has failed to attach any documents or evidentiary support to his actual petition. Accordingly, the trial court did not err in dismissing his petition based on the claims of ineffective assistance of counsel.
 {¶ 18} Next, Palmer claims:
 {¶ 19} "trial court error, when it's ruling was without support, cause there not one statement from Ms. Hood, in the criminal rule-16(B), 7(E), 12(D) BILL OF PARTICULARS FOR DISCOVERY."
 {¶ 20} Although Palmer failed to support any of his claims with evidentiary support, the trial court still addressed the merits of portions of Palmer's petition. With respect to Palmer's claim that counsel should have further investigated Hood as she would have given favorable testimony at trial, the court determined that these alleged statements were inconsistent with prior damaging statements made by Hood. Palmer claims that the trial court based this decision on evidence that was not handed over in discovery.
 {¶ 21} This claim is without merit, however, as the trial court in its judgment entry merely references prior statements made by Hood to police. These statements are described in the police report which was properly filed in the record. Accordingly, Palmer cannot now claim that the trial court based its decision on evidence that was not available to Palmer through discovery.
 {¶ 22} Next Palmer claims:
 {¶ 23} "under issue (3), testimony of Mr. Merritt is not contained in any of the criminal rule-16(B), 7(E), 12(D)"
 {¶ 24} This assertion refers to the audiotape that Palmer claims his trial counsel has withheld from both Palmer and the trial court. Allegedly, the audiotape contains a conversation that took place between trial counsel and Merritt regarding whether Palmer actually entered Merritt's residence. However, Palmer has attached no documentary evidence or affidavits to his petition to support his claim that this audiotape actually exists. Moreover, Palmer has raised this particular issue for the first time on appeal. Failure to assert an alleged error in the trial court waives that error on appeal. State v. Awan (1986),22 Ohio St.3d 120, 122. Accordingly, this argument is also without merit.
 {¶ 25} Finally, Palmer claims:
 {¶ 26} "trial court error, when it's ruling was without requirement of the law, which states ruling on a petition a court must made all finding to supported its facts finding with the law."
 {¶ 27} In State v. Lester (1975), 41 Ohio St.2d 51, paragraph two of the syllabus, the Ohio Supreme Court held that findings of fact and conclusions of law are mandatory under R.C.2953.21(C) if the trial court dismisses the petition. In Statev. Mapson (1982), 1 Ohio St.3d 217, 219, the court stated:
 {¶ 28} "The obvious reasons for requiring findings are `* * * to apprise petitioner of the grounds for the judgment of the trial court and to enable the appellate courts to properly determine appeals in such a cause.' Jones v. State (1966),8 Ohio St.2d 21, 22 [citation omitted]. The existence of findings and conclusions are essential in order to prosecute an appeal. Without them, a petitioner knows no more than he lost and hence is effectively precluded from making a reasoned appeal. In addition, the failure of a trial judge to make the requisite findings prevents any meaningful judicial review, for it is the findings and the conclusions which an appellate court reviews for error."
 {¶ 29} In this case, the journal entry satisfies the policy considerations announced in Mapson. Even though the trial court does not specifically label its entry as findings of fact and conclusions of law, it clearly explains its reasoning for dismissing each portion of Palmer's petition. See State v.Farley (April 8, 2004), 10th Dist. No. 03AP-555. Accordingly, this claim is also without merit.
 {¶ 30} Because Palmer failed to substantiate any of his claims contained in his petition for post-conviction relief, and because he has failed to assert any meritorious claims on appeal, the judgment of the trial court is affirmed.
Donofrio, P.J., concurs.
Vukovich, J., concurs.