OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. Pro-se Appellant, Atropin Palmer, appeals the July 25, 2008 decision of the Jefferson County Court of Common Pleas that denied Appellant's petition for post-conviction relief as untimely.
 {¶ 2} On appeal, Palmer argues that the trial court erroneously dismissed his petition without a hearing and in the face of clear and convincing evidence de hors the record that Palmer did not commit the offense. Palmer also raises issues regarding the indictment, jury instructions, prosecutorial misconduct, and the sufficiency and weight of the evidence in his original trial.
 {¶ 3} Palmer's petition for post-conviction relief was untimely and does not satisfy any of the requirements for consideration of untimely petitions under R.C. 2953.23(A). Secondly, the affidavit included with Palmer's petition does not support any meritorious claims. Finally, the remainder of Palmer's arguments are barred by the doctrine of res judicata. Accordingly, we affirm the trial court's decision.
 Facts and Procedural History {¶ 4} This case originated with a judgment convicting Palmer of aggravated burglary and escape following a jury trial. On September 1, 2004, Michael Merritt was in his home in Steubenville when he heard a woman crying out for help. He looked out his window and saw Palmer holding a woman down and punching her. Merritt called the police and then went out to help the woman, Amber Hood. The two ran back to Merritt's house and he ushered Hood inside. Palmer followed them onto Merritt's porch. Merritt pushed Palmer out of the way, closed his front door, and locked the deadbolt. Palmer punched out the glass windows in Merritt's front door and unlocked the deadbolt. Palmer then entered Merritt's foyer, the two struggled and Palmer attempted to strike Merritt. Merritt eventually forced Palmer out of the house and Palmer ran away.
 {¶ 5} Palmer was arrested later that day on a charge of aggravated burglary. During processing at jail, Palmer ran out of the police department. Officers apprehended Palmer in an alley shortly thereafter. Palmer was brought to trial, and on November 23, 2004 the jury found him guilty of aggravated burglary and escape. *Page 2 
 {¶ 6} Palmer filed a direct appeal which affirmed the judgment of the trial court on all substantive claims, but the case was remanded for resentencing pursuant to Foster. State v. Palmer, 7th Dist. No. 04-JE-41, 2006-Ohio-749. Palmer then appealed his resentencing, and that decision was affirmed by this court. State v. Palmer, 7th Dist. No. 06-JE-20, 2007-Ohio-1572.
 {¶ 7} On March 15, 2005, Palmer filed his first petition for post-conviction relief with the trial court claiming that trial counsel was ineffective in representing him. In his petition, Palmer included an unsworn statement by Amber Hood, which included the claim that Palmer had not passed through the doorway of Merritt's residence. On August 18, 2005, the trial court denied his petition. In Palmer's post-conviction appeal, his argument included the claim that the testimony of Amber Hood would have exculpated him, and that counsel was ineffective in failing to obtain her testimony. On August 31, 2006, this court affirmed the trial court's decision denying post-conviction relief. State v.Palmer, 7th Dist. No. 05JE47, 2006-Ohio-4606.
 {¶ 8} Palmer filed another petition for post-conviction relief on June 30, 2008, claiming that he was previously unable to obtain the testimony of Amber Hood, which would provide clear and convincing evidence exculpating him from the alleged offenses. In this second petition, Palmer included a sworn affidavit by Hood. The sole reason Hood gave for not testifying at Palmer's trial was because she thought the charges against him were not true. The trial court denied Palmer's petition as untimely, not subject to a late-filing exception, successive and otherwise already addressed in the trial court's judgment resolving his first post-conviction petition.
 Successive Post-Conviction Petitions {¶ 9} Palmer's sole assignment of error asserts:
 {¶ 10} "The trial court coomitted [sic] error in denying appellant a hearing on his petition thus depriving appellant of liberties secured by U.S. Const. Amend. XIV and Ohio Const. Art. I §§ 1, 2, 10, and 16, including meaningful access to the courts of this state." Palmer also raises issues regarding the indictment, jury instructions, prosecutorial misconduct, and the sufficiency and weight of the evidence in his original trial. *Page 3 
 {¶ 11} The trial court lacked jurisdiction to consider the merits or hold a hearing on Palmer's second petition for post-conviction relief because Palmer failed to satisfy the criteria governing untimely and successive post-conviction relief petitions.
 {¶ 12} Pursuant to R.C. 2953.21(A)(2), a petition for post-conviction relief must be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals when there is a direct appeal of the conviction. The trial court is jurisdictionally barred from considering an untimely or successive petition, regardless of whether a hearing is held, unless (1) the petitioner shows that he was unavoidably prevented from discovering the facts upon which his claim for relief is based, or (2) after the 180-day time period expired, the United States Supreme Court recognized a new federal or state right that applies retroactively to the petitioner and is the basis of his claim for relief. R.C. 2953.23(A)(1)(a). The petitioner then must also show "by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found [him] guilty of the offense of which [he] was convicted." R.C. 2953.23(A)(1)(b). Unless the appellant satisfies the requirements of R.C. 2953.23(A), the trial court lacks jurisdiction to consider the untimely petition for post-conviction relief. State ex rel. Kimbrough v.Greene, 98 Ohio St.3d 116, 2002-Ohio-7042, 781 N.E.2d 155; State v.Johnson, 144 Ohio App.3d 222, 226, 2001-Ohio-3301, 759 N.E.2d 889.
 {¶ 13} Palmer's original trial and sentencing occurred in November 2004, and his June 30, 2008 post-conviction petition was thus well after the one hundred eighty day filing deadline had passed. Additionally, Palmer had previously filed a post-conviction petition in 2006. Because the instant petition was both untimely and successive, Palmer needed to show that he satisfied the requirements of R.C. 2953.23(A) before the trial court could consider the merits of this petition.
 {¶ 14} The new facts that Palmer offers in his petition are the statements of Hood. Palmer does not argue that he was unavoidably prevented from discovering or obtaining Hood's testimony at the time of trial or at any other point, but merely that such testimony would have undermined the State's case. The only statement addressing the previous unavailability of the evidence is Hood's sworn statement that she did not testify at trial *Page 4 
because the charges against Palmer were untrue. Thus nothing in Palmer's petition indicates that he was unavoidably prevented from discovering the facts upon which his claim for relief is based. Additionally, Palmer's petition makes no claim based on a new federal or state right recognized by the United States Supreme Court that applies retroactively to his case . Therefore, Palmer has not satisfied the alternative criteria set forth in R.C. 2953.23(A)(1)(a). Palmer also failed to satisfy the second prong of R.C. 2953.23(A) because he presented no evidence to prove that Hood's present affidavit would have affected the outcome of his trial. The statements in the affidavit only address Hood's own credibility, and Hood's alleged unavailability to testify.
 {¶ 15} Because Palmer did not satisfy the criteria set forth in R.C. 2953.23 governing untimely and successive post-conviction relief petitions, the trial court lacked jurisdiction to consider the merits of the petition. Thus, the trial court properly rejected Palmer's petition.
 {¶ 16} Moreover, the issues Palmer has raised in this petition are barred by res judicata as they were previously addressed on direct appeal and in Palmer's first petition for post-conviction relief. Principles of res judicata bar claims that were or could have been raised at trial, on direct appeal, or in a first petition for post-conviction relief. State v. Davis, 7th Dist. No. 04 MA 211,2005-Ohio-2118, at ¶ 13-14, citing State v. Apanovitch (1995),107 Ohio App.3d 82, 87, 667 N.E.2d 1041.
 {¶ 17} Palmer's first petition for post-conviction relief included the claim that Hood's testimony would have undermined the State's case, and that his counsel was constitutionally ineffective for having failed to procure her testimony. Palmer's second petition for post-conviction relief repeats the same claim regarding the importance of Hood's testimony, with the assertion that the absence of her testimony alone constituted a constitutional violation.
 {¶ 18} Palmer has narrowed the legal issues in his second petition, but did not raise any new ones. He has only raised identical issues which this court already addressed in his first petition. Palmer's additional discussion regarding the indictment; jury instructions; prosecutorial misconduct; and, the sufficiency and weight of the *Page 5 
evidence in his original trial were addressed both on direct appeal and pursuant to his first petition. Given the foregoing, Palmer's arguments are barred by res judicata, and his sole assignment of error is meritless.
 {¶ 19} The trial court was correct in denying Palmer's petition as untimely, successive, and barred by res judicata. Accordingly, the judgment of the trial court is affirmed.
Vukovich, P.J., concurs.
Donofrio, J., concurs. *Page 1