[Cite as *State v. Palmer*, 2012-Ohio-5939.]

STATE OF OHIO, JEFFERSON COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| V. | ) | CASE NO. 11-JE-32 |
| | ) | |
| ATROPIN PALMER, | ) | OPINION |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:    Criminal Appeal from Court of Common Pleas of Jefferson County, Ohio Case No. 04CR194

JUDGMENT:    Affirmed

APPEARANCES:
For Plaintiff-Appellee    No brief filed

For Defendant-Appellant    Atropin Palmer
#474-594
Southern Ohio Correctional Facility
P.O. Box 45699
Lucasville, Ohio 45699

JUDGES:

Hon. Gene Donofrio
Hon. Joseph J. Vukovich
Hon. Mary DeGenaro

Dated: December 13, 2012

DONOFRIO, J.

{¶1}   Defendant-appellant Atropin Palmer appeals the Jefferson County Common Pleas Court decision denying his pro se motion for a corrected sentence. Palmer was seeking to have the trial court give him triple credit for the 83 days he spent in jail prior to trial under the triple-count provision of R.C. 2945.71(E) governing the time within which a criminal defendant must be brought to trial.

{¶2}   In 2004, Palmer was convicted of aggravated burglary and escape following a jury trial and sentenced to six years for aggravated burglary and four years for escape, to be served consecutively.  Palmer appealed his conviction and sentence.  This court affirmed his conviction, but reversed his sentence for the trial court's failure to make the then-required statutory findings to sentence Palmer to consecutive sentences and remanded the matter for resentencing. *State v. Palmer*, 7th Dist. No. 04-JE-41, 2006-Ohio-749.

{¶3}   After filing a direct appeal, Palmer filed a petition for post-conviction relief with the trial court claiming ineffective assistance of trial counsel.  The trial court denied his petition and this court affirmed that decision. *State v. Palmer*, 7th Dist. No. 05JE47, 2006-Ohio-4606.

{¶4}   Shortly after this court's decision in his direct appeal reversing his sentences but before resentencing, the Ohio Supreme Court issued its decision in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470.  Cognizant of the *Foster* decision, the trial court again sentenced Palmer to six years for aggravated burglary and four years for escape, to be served consecutively.  This time, this court affirmed the sentences. *State v. Palmer*, 7th Dist. No. 06-JE-20, 2007-Ohio-1572.

{¶5}   In 2008, Palmer filed another petition for postconviction relief.  The trial court denied Palmer's petition as untimely, not subject to a late-filing exception, successive and otherwise already addressed in the trial court's judgment resolving his first post-conviction petition.  This court affirmed. *State v. Palmer*, 7th Dist. No. 08 JE 18, 2009-Ohio-1018.

{¶6}   On November 1, 2011, Palmer filed a pro se motion to correct his sentence arguing that he did not receive proper jail time credit.  Back on November

24, 2004, when the trial court originally sentenced Palmer, it gave him credit for 83 days served in jail. Now, approximately seven years after his conviction and original sentence, Palmer argued to the trial court that he was entitled to triple that amount under the triple-count provision contained in R.C. 2945.71(C), governing speedy trial rights. The trial court overruled the motion and this appeal followed.

{¶7} Palmer's sole assignment of error states:

> As a result of the Trial Court denying Appellants [sic] his statutory time for bringing him to preliminary hearing and trial, receive three days credit toward each that he is held in jail in lieu of bail on the pending chargs [sic].

{¶8} When entering a judgment of conviction, the sentencing court is required to calculate, and then specify, the total number of days the defendant has been confined for any reason arising out of the offense for which they have been convicted. R.C. 2949.08(B) and 2929.12; *State ex rel. Corder v. Wilson*, 68 Ohio App.3d 567, 572, 589 N.E.2d 113 (10th Dist.1991). "The jailer or the department of rehabilitation and correction must then apply the court's factual determination of jail-time credit to reduce the defendant's sentence." *State v. Weaver*, 1st Dist. No. C-050932, 2006-Ohio-5072, at ¶8, citing R.C. 2949.08(C) and 2967.191.

{¶9} R.C. 2945.71 governs the time within which a defendant must be accorded a preliminary hearing or brought to trial. For purposes of computing the time within which a defendant must be brought to trial, R.C. 2945.71(E) provides that for a defendant being held in jail in lieu of bail, each day is to be counted as three days.

{¶10} Palmer argues that R.C. 2945.71(E)'s triple-count provision entitles him to triple the amount of jail time credit the trial court gave him. However, as indicated, the triple-count provision of R.C. 2945.71(E) applies only to the calculation of time within which a criminal defendant must be *brought to trial*. It does not apply to the calculation of jail time credit. Therefore, contrary to Palmer's argument, he is not

entitled to triple the amount of jail time credit under this provision.

**{¶11}** Accordingly, Palmer's sole assignment of error is without merit.

**{¶12}** The judgment of the trial court is hereby affirmed.

Vukovich, J., concurs.

DeGenaro, J., concurs.