[Cite as *State v. Keckler*, 2013-Ohio-5493.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HANCOCK COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,               CASE NO. 5-13-16

      v.

JERRY L. KECKLER,                    **O P I N I O N**

      DEFENDANT-APPELLANT.


Appeal from Hancock County Common Pleas Court
Trial Court No. 2013 CR 47

**Judgment Affirmed**

**Date of Decision:   December 16, 2013**


APPEARANCES:

     *William T. Cramer* **for Appellant**

     *Mark C. Miller and Alex K. Treece*  **for Appellee**

**ROGERS, J.**

{¶1} Defendant-Appellant, Jerry Keckler, appeals the judgment of the Court of Common Pleas of Hancock County denying his motion for jail-time credit. On appeal, Keckler argues that the trial court should have granted his request for seven days jail-time credit. Keckler also argues that he was denied effective assistance of counsel. For the reasons that follow, we affirm the trial court's judgment.

{¶2} On February 19, 2013[1], the Hancock County Grand Jury indicted Keckler on one count of domestic violence, in violation of R.C. 2919.25(A). On April 3, 2013, Keckler withdrew his former plea of not guilty and pleaded guilty to one count of domestic violence. The trial court ordered a pre-sentence investigation and the matter proceeded to sentencing on June 5, 2013. At the sentencing hearing, the trial court sentenced Keckler to community control with five years supervision. The trial court further advised Keckler that if his community control was revoked he could be sentenced to a term of 16 months in prison. As one of his conditions of his community control, Keckler was required to serve a term of 30 days at the Hancock County Justice Center.

---

[1] We note that the file stamp on the indictment is illegible. In the Appellee's brief, it states Keckler was indicted on February 19, 2013. Appellee's Br., p. 1. However, at the change of plea hearing, the State testified, "Mr. Keckler was indicted by [the] Hancock County grand jury on February – I think it's 18th. The file stamp is a little difficult to read. However, it occurred this year near February." (Docket No. 46, p. 3).

**{¶3}** Keckler was committed to the Hancock County Justice Center on June 11, 2013 and remained confined there for 30 days. (Docket No. 23, p. 1). On June 14, 2013, Keckler filed a pro se motion, requesting that the trial court grant him seven days jail-time credit.[2] That same day, the trial court denied Keckler's request, stating that "[Keckler]'s time has been properly and carefully calculated * * *." (Docket No. 25, p. 1).

**{¶4}** Keckler filed this timely appeal, presenting the following assignments of error for our review.

### Assignment of Error No. I

**THE TRIAL COURT VIOLATED THE EQUAL PROTECTION CLAUSES OF THE STATE AND FEDERAL CONSTITUTIONS, AND R.C. 2949.08, BY FAILING TO CREDIT APPELLANT FOR TIME SPENT IN JAIL WAITING TO POST BOND.**

### Assignment of Error No. II

**APPELLANT WAS DEPRIVED OF HIS RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL UNDER THE STATE AND FEDERAL CONSTITUTIONS WHEN COUNSEL FAILED TO RAISE THE ISSUE OF JAIL CREDITS AT SENTENCING.**

**{¶5}** Due to the nature of the assignments of error, we elect to address them together.

---

[2] On appeal, Keckler argues that he was in jail from February 11, 2013, until he posted bond on February 18, 2013. Appellant's Br., p. 3; (Docket No. 5, p. 1).

### *Assignments of Error No. I & II*

{¶6} In his first and second assignments of error, Keckler argues that the trial court violated R.C. 2949.08 when it denied his motion for jail-time credit. Keckler also argues that he was denied effective assistance of counsel because his trial counsel did not raise the issue of jail-time credit at his sentencing hearing.

{¶7} R.C. 2949.08(B) clearly requires a trial court to include in its sentencing entry the number of days that a person was confined for any reason arising out of his/her offense prior to delivery to the jailer. It further requires that the jailer reduce the term of incarceration by the number of days specified.

> (A) When a person who is convicted of or pleads guilty to a felony is sentenced to a community residential sanction in a community-based correctional facility pursuant to section 2929.16 of the Revised Code or when a person who is convicted of or pleads guilty to a felony or a misdemeanor is sentenced to a term of imprisonment in a jail, the judge or magistrate shall order the person into the custody of the sheriff or constable, and the sheriff or constable shall deliver the person with the record of the person's conviction to the jailer, administrator, or keeper, in whose custody the person shall remain until the term of imprisonment expires or the person is otherwise legally discharged.
> (B) The record of the person's conviction shall specify the total number of days, if any, that the person was confined for any reason arising out of the offense for which the person was convicted and sentenced prior to delivery to the jailer, administrator, or keeper under this section. The record shall be used to determine any reduction of sentence under division (C) of this section.
> (C) (1) If the person is sentenced to a jail for a felony or a misdemeanor, the jailer in charge of a jail shall reduce the sentence of a person delivered into the jailer's custody pursuant to division (A) of this section by the total number of days the person was

confined for any reason arising out of the offense for which the person was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the person's competence to stand trial or to determine sanity, confinement while awaiting transportation to the place where the person is to serve the sentence, and confinement in a juvenile facility.

R.C. 2929.08(A)-(C)(1).

{¶8} The statute does not exempt a period of confinement under a community control residential sanction from this requirement of reduction, or from the requirement that the sentencing entry include the number of days previously served. Therefore, the trial court erred in failing to specify the number of days Keckler had served prior to sentencing. However, at this time, there is no remedy available to Keckler as the issue of how much jail time he must serve under the community control residential sanction is now moot.

{¶9} While it is well-established that an appeal that challenges a felony conviction is not moot even if the entire sentence has been served before the appeal is heard, *State v. Golston*, 71 Ohio St.3d 224, paragraph one of the syllabus (1994), this same reasoning does not apply if the appellant is challenging only the length of his sentence, and not the underlying conviction, *State v. Beamon*, 11th Dist. Lake No. 2000-L-160, 2001-Ohio-8712, *2. This is because once the appellant has been released, his sentence has expired. *State ex rel. Gordon v. Murphy*, 112 Ohio St.3d 329, 2006-Ohio-6572, ¶ 6. "If an individual has already

served his sentence, there is no collateral disability or loss of civil rights that can be remedied by a modification of the length of that sentence in the absence of a reversal of the underlying conviction." *Beamon* at 1.

{¶10} Here, Keckler admits that he has served the full 30 days in the Hancock County Justice Center. Therefore, because he has already served the entire length of his sentence, the issue of whether the trial court improperly denied his request for jail-time credit is moot. *See State ex rel. Compton v. Sutula*, 132 Ohio St.3d 35, 2012-Ohio-1653, ¶ 5 ("Compton's claims concerning jail-time credit were rendered moot when he was released from prison."); *State v. Feagin*, 6th Dist. Huron No. H-12-014, 2013-Ohio-1837, ¶ 4 ("Once a defendant has served his sentence and has been released from prison * * * any error related to the calculation of his jail-time credit is moot.").

{¶11} While we find that Keckler's argument as to his jail-time credit is moot, Keckler will be on supervision for the next five years. If Keckler violates his supervision, this decision will not preclude Keckler from again raising the issue of jail-time credit to be applied to any subsequent jail sentence.

{¶12} Since the issue of whether the trial court properly denied Keckler's jail-time credit is moot, we likewise find that Keckler's contention that his trial counsel was ineffective is moot.

**{¶13}** Accordingly, we overrule Keckler's first and second assignments of error.

**{¶14}** Having found no error prejudicial to Keckler in the particulars assigned and argued, we affirm the trial court's judgment.

*Judgment Affirmed*

**WILLAMOWSKI and SHAW, J.J., concur.**

**/jlr**