[Cite as *State v. Daniel*, 2015-Ohio-3826.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2014-T-0044** |
| JOSEPH DAWAYNE DANIEL, JR., | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Trumbull County Court of Common Pleas.
Case No. 2013 CR 00641.

Judgment: Reversed and remanded.

*Dennis Watkins*, Trumbull County Prosecutor, and *LuWayne Annos*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481-1092 (For Plaintiff-Appellee).

*Michael A. Scala*, 244 Seneca Avenue, N.E., Warren, OH 44481 (For Defendant-Appellant).

TIMOTHY P. CANNON, P.J.

{¶1} Appellant, Joseph DaWayne Daniel, Jr., appeals the judgment of the Trumbull County Court of Common Pleas finding him guilty of aggravated trespass, a misdemeanor of the first degree in violation of R.C. 2911.211(A) and (B), and obstructing official business, a misdemeanor of the second degree in violation of R.C. 2921.31(A) and (B), and sentencing appellant to five years of community control

sanctions with a suspended jail sentence of ten months. For the reasons that follow, we reverse the judgment of the trial court.

{¶2} Appellant was originally indicted for burglary, a felony of the second degree in violation of R.C. 2911.12(A)(2) and (D), and tampering with evidence, a felony of the third degree in violation of R.C. 2921.12(A)(1) and (B) on October 2, 2013. Appellant pled not guilty to these charges on October 9, 2013, and remained in jail pending his trial as he was unable to meet the ordered bond of $25,000.

{¶3} On March 17, 2014, appellant appeared before the court and entered a plea of guilty pursuant to a plea agreement. Appellant pled guilty to the amended offenses of aggravated trespass, a misdemeanor of the first degree in violation of R.C. 2911.211(A) and (B), and obstructing official business, a misdemeanor of the second degree in violation of R.C. 2921.31(A) and (B). At the plea hearing, appellant's counsel informed the court that appellant had been in jail since August 30, 2014, the day he was arrested. At the time of the plea, appellant, therefore, had spent nearly six and one-half months in jail. Appellant was released on personal recognizance.

{¶4} At the sentencing hearing on April 17, 2014, appellant was ordered to serve community control/probation. In the event that appellant violated any of the terms of his probation, the court stated that it may "impose a sentence" of 180 days for count one (aggravated trespass) and 120 days for count two (obstructing official business). On April 24, 2014, an Entry on Sentence was filed sentencing appellant to five years of community control sanctions with a suspended jail sentence of ten months.

{¶5} Appellant filed a timely notice of appeal and asserts three assignments of error:

[1.] The trial court erred, to the detriment of appellant, by sentencing appellant to a 10 month suspended sentence after pleading guilty to a 1st and 2nd degree misdemeanor.

[2.] The trial court erred, to the detriment of appellant, by not giving appellant credit for 6½ months of incarceration appellant spent awaiting trial.

[3.] The trial court erred, to the detriment of appellant, by failing to have appellant served with the sentencing entry.

{¶6} In his first assignment of error, appellant argues the trial court erred in sentencing him to ten months in prison based on the trial court's improper statement that a second-degree misdemeanor warrants up to a 120-day sentence. The state concedes to this error.

{¶7} As trial counsel did not object to the court's finding that appellant could be sentenced to a period of 120 days for his aggravated trespass violation or that appellant could be sentenced to ten months if he violated his community control, we apply a plain error standard. An alleged error constitutes plain error only if the error is obvious and, but for the error, the outcome of the trial clearly would have been different. *State v. Yarbrough*, 95 Ohio St.3d 227, 2002-Ohio-2126, ¶108.

{¶8} The court may not sentence an offender who violates community control on a misdemeanor to a total jail term that exceeds "the maximum jail term available for the offense for which the sanction that was violated was imposed." R.C. 2929.25(D)(3). Both parties agree that the trial court's statement that appellant may be sentenced to a term of ten months was greater than the maximum jail term allowed. Pursuant to R.C. 2929.24(A)(1) and (2), the maximum term for a first-degree misdemeanor is 180 days (appellant's aggravated trespass charge) and 90 days for a second-degree

3

misdemeanor (appellant's obstructing official business charge), which total approximately nine months rather than ten months.

{¶9} Ohio appellate courts have consistently held that "an appeal of a reserved sentence of imprisonment that is part of a sentence of community control is not ripe until an actual sentencing order imposes the prison term for community control violation." *State v. Poppe*, 3d Dist. Auglaize No. 2-06-23, 2007-Ohio-688, ¶14. *See also State v. Ogle*, 6th Dist. Wood No. WD-01-040, 2002-Ohio-860, *6 (where "[an] appeal is not ripe until an actual sentencing order imposes a prison term for the violation of community control sanctions); *State v. Adams*, 2d Dist. Champaign No. 2003-CA-15, 2004-Ohio-3784, ¶28 (where the court held an appellant's similar error was not ripe for review because appellant had not been sentenced to a prison term for a violation of the conditions of his community control); and *State v. Brown*, 8th Dist. Cuyahoga No. 77875, 2001 Ohio App. LEXIS 1370, *5-6.

{¶10} As addressed earlier, both parties have agreed that the court's statement that appellant could receive a ten-month jail sentence was an error that must be corrected. Upon remand, the trial court is instructed to correct the April 24, 2014 sentencing entry to state that the court may not impose a term of incarceration that exceeds 270 days.

{¶11} Appellant's first assignment of error is with merit.

{¶12} In appellant's second assignment of error, he argues the trial court erred by not giving him jail-time credit of six and one-half months of incarceration for the time he spent in jail prior to sentencing. We agree.

4

{¶13} At the sentencing hearing, counsel for appellant specifically stated to the trial court that appellant had already spent six and one-half months in jail. Nevertheless, the trial court stated: "As I told you, you're looking at ten months in the Trumbull County Jail if you violate any of the terms of this probation which I just outlined * * * ." Additionally, in its entry on sentence, the trial court imposed what it thought was the maximum sentence of ten months (herein reduced to nine months) on appellant and then suspended it all, with the intention that the entire sentence would hang over appellant's head based upon compliance with the terms of his probation.

{¶14} The problem is there were not ten (or nine) months of appellant's sentence left to suspend; there were only approximately two and one-half months remaining. The fact the jail term was suspended based on compliance with certain conditions does not change the fact that the entry on sentence reflects an incorrect suspended sentence.

{¶15} R.C. 2949.08(B) is a two-fold mandate: (1.) "The record of the person's conviction shall specify the total number of days, if any, that the person was confined for any reason arising out of the offense for which the person was convicted and sentenced prior to delivery to the jailer, administrator, or keeper under this section." *Id.* (2.) "The record shall be used to determine any reduction of sentence under division (C) of this section." *Id.*

{¶16} Under the clear language of the statute, the "record of the person's conviction shall specify the total number of days" of jail-time credit a defendant is to be credited. Appellant's record of conviction does not so specify. Rather, appellant's record of conviction indicates that if he "violates any law of any jurisdiction * * *; any rule

5

of the Department of Community Control; or, any condition of any sanction imposed upon him by the Court, * * * the Court may impose incarceration of <u>10</u> months." Appellant is entitled to credit under the statute against the maximum sentence that could be imposed.

{¶17} A sentence that comports with the law would be imposition of the maximum term, reduced by whatever time appellant has already served, and suspension of that remaining amount of time based on compliance with community control conditions. If appellant violates those conditions, the correct sentence to impose at that time would already be specified in appellant's "record of conviction," as per the statute. *See, e.g., State v. Palmer*, 7th Dist. Jefferson No. 11-JE-32, 2012-Ohio-5939, ¶8 ("When entering a judgment of conviction, the sentencing court is required to calculate, and then specify, the total number of days the defendant has been confined for any reason arising out of the offense for which they have been convicted."); *State v. Weaver*, 1st Dist. Hamilton No. C-050923, 2006-Ohio-5072, ¶11, fn. 8 (emphasis added) (R.C. 2949.08(B) and R.C. 2949.12 "provide, respectively, that '[t]he record of the person's conviction' *or* his 'sentence' shall 'specify' the total number of days of confinement arising out of the offense for which he was convicted").

{¶18} Appellant's second assignment of error has merit.

{¶19} Under his third assignment of error, appellant argues the trial court erred by failing to serve him with a copy of the sentencing entry, pursuant to Crim.R. 49.

{¶20} While we agree with appellant that the docket does not indicate he was served with a copy of the sentencing entry, appellant fails to demonstrate any prejudice or harm resulting from this error. *See* Crim.R. 52(A).

6

{¶21} Although appellant argues this failure means he was not advised of his time to file an appeal, appellant's counsel filed a timely appeal. *See* App.R. 4(A)(1) ("[s]ubject to the provisions of App.R. 4(A)(3), a party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3[.]"). App.R. 4(A)(3) allows a service exception only in "a civil case." *State v. Tate*, 179 Ohio App.3d 71, 2008-Ohio-5686, ¶50 (7th Dist.).

{¶22} Moreover, appellant contends that he was entitled to have in writing the conditions imposed upon him. Because appellant's counsel obtained a copy of the sentencing entry, which was readily accessible in the trial court's file and was attached to the notice of appeal filed by his counsel, it is presumed that appellant's counsel provided a copy to appellant. Furthermore, the record reflects that appellant was advised in court of the various conditions that would be imposed upon him and a separate Notice of Community Control Sanctions was also filed. Appellant fails to allege that the failure to possess the written sentencing entry for some unspecified length of time had any impact on him or resulted in prejudice.

{¶23} Appellant's third assignment of error is without merit.

{¶24} Based on the opinion of this court, the judgment of the Trumbull County Court of Common Pleas is hereby reversed and remanded for proceedings consistent with the opinion of this court.


COLLEEN MARY O'TOOLE, J., concurs,

DIANE V. GRENDELL, J., concurs in part and dissents in part, with a Dissenting Opinion.

_____

DIANE V. GRENDELL, J., concurs in part and dissents in part, with a Dissenting Opinion.

{¶25} I concur in the judgment of the majority on the first and third assignments of error. I dissent as to the second assignment of error, and disagree with the majority's decision to reverse as to this issue. It is neither necessary nor permissible for the trial court to order jail-time credit upon remand, since such credit will be given if Daniel violates his community control and is ordered to serve a jail sentence. As to this issue, remand is superfluous, especially given that no error prejudicing Daniel exists at this time.

{¶26} R.C. 2949.08(C) specifies that a jailer must reduce a defendant's sentence by the number of days he has already been confined related to that offense. This is the basis for the requirement that the court set forth a defendant's jail-time credit. In the present case, the court did not order Daniel to serve jail time. Instead, it advised him of the sentence he *could* be required to serve if he did not successfully comply with the terms of his community control. Since the sole purpose of jail-time credit under R.C. 2949.08 is to allow the jailer to reduce the defendant's sentence, jail credit is not required in this case.

{¶27} It must be emphasized that if Daniel does violate his community control conditions, the trial court will conduct a sentencing hearing on that violation, at which time "the court sentences the offender anew and must comply with the relevant sentencing statutes." *State v. Fraley*, 105 Ohio St.3d 13, 2004-Ohio-7110, 821 N.E.2d 995, ¶ 17. At that juncture, Daniel's jail-time credit can be determined and applied to his

8

sentence. Remanding to order an action that will already be completed, if necessary in the future, is illogical and a waste of resources.

{¶28} Courts considering this issue have reached a similar conclusion. For example, in *State v. Keckler*, 3rd Dist. Hancock No. 5-13-16, 2013-Ohio-5493, where the defendant was ordered to serve community control but jail-time credit was not set forth, the appellate court found that if this supervision was violated, the defendant would then be able to raise "the issue of jail-time credit to be applied to any subsequent jail sentence." *Id.* at ¶ 11. *See also State v. Bradley*, 2nd Dist. Champaign No. 02CA35, 2003-Ohio-4707, ¶ 8 (when the defendant was sentenced to a term of community control and advised of a potential 28-month sentence but was given no jail-time credit, the appellate court held that "there is no issue concerning jail time credit that can be determined at this time," and the matter could be addressed if a sentence was later imposed); *State v. Ventra*, 11th Dist. Geauga No. 2010-G-2968, 2011-Ohio-156, ¶ 6 (the trial court gave the defendant jail-time credit when he was sentenced for a community control violation).

{¶29} Given the case law that addresses this issue, there is no basis for a finding of plain error, the applicable standard since Daniel did not object in the trial court, in the court's failure to state the jail-time credit. *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002) (the Ohio Supreme Court has "admonish[ed] courts to notice plain error 'with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice'") (citation omitted). This is especially true given that Daniel was not ordered to serve a jail term at the time of sentencing.

{¶30} It is significant, and not addressed by the majority, that, even if the trial

9

court's failure to state Daniel's jail-time credit was an error, he suffered no prejudice whatsoever. As addressed above, if Daniel violates his community control and is ordered to serve a jail sentence, he can be given any applicable credit at that time. To assume that this will not occur is premature and an incorrect use of this court's appellate authority. It is the clear and unquestioned precedent of this court and other Ohio courts that reversal is not warranted when a defendant suffers no prejudice or harm from an action by the lower court. *State v. Locke*, 11th Dist. Lake No. 2014-L-053, 2015-Ohio-1067, ¶ 55; Crim.R. 52(A) ("[a]ny error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded"). *See also State v. Boone*, 9th Dist. Summit No. 26104, 2013-Ohio-2664, ¶ 26 (failure to award jail-time credit can be non-prejudicial if it can be remedied after sentencing).

{¶31} For the foregoing reasons, I dissent from the majority's decision to reverse as to the second assignment of error, since jail-time credit can ultimately be applied if Daniel violates community control and remand for this purpose is unnecessary and premature at this time. As to the remaining assignments of error, I concur.